Ruffin, Chief Justice.
 

 This is a
 
 Scire Facias
 
 against the sheriff of Surry county, to obtain execution of a fine of $100, in which he had been amerced
 
 nisi
 
 for not making due return of a writ of
 
 fieri facias
 
 at the instance of Buckley against one Walker, returnable to March Term, 1837 of the Superior Court.
 

 The execution in question is the same that is mentioned in the action, determined at the present term, which was brought on the official bond of the defendant by Buckley, as relator. (See ante. p. 318.)
 

 Upon the return of the execution of Buckley, and upon the other facts, as stated in the case reserved in the other cause, which the parties to the present proceeding admit to be true, the court was of opinion, that the sheriff was not
 
 *324
 
 subject to the amercement, because there were other execu^ons t0 an am°unt much larger than the value of all the property of Walker, which were entitled to a priority over Buck-ley’s; for which reason the sheriff might properly have re • turned
 
 nulla bona.
 
 The court, therefore, quashed the
 
 scire facias,
 
 and Buckley appealed.
 

 The decision was, in our opinion, erroneous, and must be reversed. His Honor, we think, mistook the question in the case. It was not what return the facts, as really existing, would have authorised the sheriff to make; or what damage was done to the plaintiff by the acts of the sheriff, or by his return as made. But the question was singly, whether the return, as made, was such as a sheriff, according to the law and his duty, ought to make: in other words, whether the sheriff “ made
 
 due
 
 return” of the writ, as by the act of 1777 he is bound to do. If he had returned
 
 nulla bona,
 
 that would have been “ due return.” It is a return known to the law, and is a full answer to the precept. The court, therefore, would have received it without regard to its being true or false; and, if false, leave it to the partyinjured to seek his redress by an action. But the sheriff did. not return
 
 nulla bona.
 
 On the contrary, he returned’ goods subject to older executions, without saying, whether he had sold the property seized, or still had it in his hands; or, if the latter, why he had not sold — whether lor want of bidders, or of time, or other sufficient excuse. Such a return is not a “ due return,” because it does not answer the writ. The law requires the sheriff to sell the property, if he can; atffl, if he cannot, then, for obvious reasons, it requires him to return, what property he has seized, what part he has disposed of, what part remains in his hands, and the reason why he did not sell that also. If not, the sheriff might keep the property in his hands forever. The omission of those material parts of a proper or “ due” return is tantamount to the neglect to make a return at all.
 

 The judgment must, therefbrp, be reversed and judgment here awarding execution for the fine and costs.
 

 Per Curiam. Judgment accordingly.