Ruffin, C. J.
 

 The action, we think, lies for the two plaintiffs. The act gives the penalty, one moiety to the party grieved and the other moiety to him,
 
 or those
 
 that will sue for the same. These plaintiffs fill both characters, and are entitled to the whole recovery.
 

 It was not correct, that the defendant’s liability depended at all upon the ignorance of the deputy, who made the return, of its falsehood, if in fact,
 
 it
 
 was false. That might, perhaps, affect the liability of that deputjr, if the defendant sought a recourse on his deputies for a loss sustained by him in the premises. But, as between the plaintiffs and the defendant, the return'is that of the defendant; and, as he is liable for the acts and omissions of his deputies, the return is to be considered, as having been made by himself with all the knowledge of the facts possessed by both or either of the deputies. It is his fault to have deputies, who will not communicate, the one to the other, such acts of the one, as are material to a return, which the other is to make ;■ and the sheriff cannot be excused for a false return, by the belief of a deputy, who made it, that it was true. That,- however,
 
 *335
 
 is not of so much, consequence in the case, if the returri be such as ought to have been made — that is, was true.
 

 Upon that point, the opinion of the Court is for the plaintiffs. When the defendant in a writ is openly, and at large in the County,
 
 non est inventus
 
 is a false return ; and, if he cannot be taken elsewhere, the Statute requires moreover, that the sheriff should go to his place of abode before he makes that return. In this case,- however, the party was actually found by the deputy, who had the writ, and he conversed with him, as we must take it, at the ordinary distance and in presence of each other. It is stated, indeed, that there was evidence, that the deputy, “ attempted to arrest Bowles and failed.” We are- not informed what were the efforts to make the arrest,- nor why they were not successful. But the facts, as stated, do not justify the return as to its truth in fact. It may be admitted, he was not obliged to return
 
 cepi corpus
 
 upon those facts. Yet, certainly, he could not truly return
 
 non est inventus,
 
 any more than he could have done it, if he' had actually taken Bowles, and he had been rescued-. As the sheriff’s returns cannot be traversed, and the only remedy for a false return is by action, it is right that returns should be required to be made strictly according to' the facts. If then, the deputy, after finding Bowles, really endeavored to arrest him, and was prevented by any sufficient cause, the defendant should have returned the facts in excuse for not taking the body, and not return generally
 
 non est inventus,
 
 contrary to the fact. Rescue' is a good return in excuse.
 
 May
 
 v.
 
 the Sheriff of Middlesex,
 
 Cro. Jac. 419. And it is held here,-that the sheriff may return, that he did not take the body, because he was kept off by force of arms.
 
 Crumpler
 
 v.
 
 Glisson,
 
 N. C. T. R. 79. For the sheriff is not obliged to summon the power of his County upon
 
 mesne process.
 
 But we do-not see, here, any facts that could have excused the failure to arrest Bowles. They ought to have been set forth, so-that the Court could judge of - their sufficiency. It was
 
 *336
 
 erroneous to leave that question to the jury, as a general enquiry, whether, in their opinion, the officer made reasonable efforts to make the arrest; for, what is an excuse in such a case, is matter of law, after the facts are ascertained. Perhaps, there may have been a case, upon which the Court, to which the writ was returnable, might with propriety have been applied to for leave to amend the return. But, in this action, however hard, the sole enquiry is, whether the return, as it stands, be true or false, and, it is not competent to the jury, to palliate the falsehood, by weighing excuses for not fully executing the writ. The judgment must, therefore, be reversed, and a,
 
 venire de novo
 
 awarded.
 

 Psp. Curiam., Judgment reversed and
 
 venire dc nova,