Ruffin, C. J.
 

 The case is within both the words and policy of the Act of 1777, and the judgment is clearly right. The only authority cited for the defendant is a ease from New York,
 
 Spafford
 
 v.
 
 Hood,
 
 6 Cowen 478 ; .and that has no application to this question. The Court held in that case, that, upon the whole scope of the statute on which the action was founded, it was directed against persons chosen to certain onerous offices, who refused
 
 to
 
 serve in them, and not against particular defaults of one in office; and that was the ground of
 
 the decision. It
 
 would be in point, if this action had been brought on another statute of the same year, 1777,
 
 ah.
 
 118,
 
 sec.
 
 2, for refusing to accept and execute the office of Sheriff; for he,[who undertakes the office, does not, in the sense of the latter act, refuse to execute it by neglecting to perform a particular official duty. But the Act, on which the present proceeding is founded, is directed to a specific default of a person in office. The policy is obvious. It is to compel the Sheriff
 
 to
 
 furnish, under his own hand, '
 
 *111
 
 upon the process, proof, that he received it in due time to enable him, and make it his duty, to execute it; and thereby induce that diligence which will prevent him from incurring an amerciament or action for a false return. But it is needless to look thus far ; for, as has been already remarked, the case is within the letter of the Act. It makes it the duty of a Sheriff to “mark on each process
 
 the
 
 day on which he shall have received it
 
 •”
 
 and it enacts,, that “ for neglecting so to do he shall forfeit $100, to be recovered by any person who. shall sue for the same.’5" Here, the defendant states on the writ, that it came to-hand on. the 3rd of Apriland that was not
 
 the
 
 day of its-delivery,, hut another; and marking the latter day was not more a compliance with the act than marking no day at all.
 

 Pee Cuiuam. Judgment affirmed..