Ruffin, C. J.
 

 If this were a rule for an attachment, ort which the Court could hear affidavits to purge the contempt, probably a case might be made for discharging the officer. But it is not a proceeding of that sortand, on the contrary, it is for a penalty, expressly given by statute, to the party grieved, against a sheriff, who neglects to make due return of process, delivered to him twenty days before the Court, to which it is returnable. The plaintiff in the execution is, therefore, legally entitled to an amercement against the officer, who fails in that duty, unless he be discharged by the party from its performance. Though pleaded, there is here no discharge in point of fact. An agreement to suspend the collection of the debt, or to stay the execution, as it is commonly called, even if communicated to the sheriff, gives no authority to the officer not to return the writ. The return may be material to the creditor in several ways ; as to enable him the earlier or the more readily to sue out another writ, or to rebut the presumption of satisfaction, or the like.— Certainly, a direction not to enforce the immediate payment of the debt in the execution is not a direction, nor even an allowance, that the sheriff should not return the writ. The jury, therefore, was not sustained by the evidence and ought not to have found 'for the defendant, and the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam Judgment accordingly.