RuFPDsr, C. J.
The directions were right on both points. As the action for mesne profits is substantially a continuation of the ejectment, for the purpose of recovering the actual damages, which were formerly nominally assessed, it follows, that whenever a person is allowed to maintain ejectment, he may have trespass against the same party, by way of completing his remedy. Hence, it is settled, that, after a recovery in ejectment and entry, a tenant in common may sue his companion, who ousted him, for the mesne profits. Catting v. Darby, 2 Wm. Bl. 1077, Goodtitle v. Tombs, 3 Wil. 118, Holdfast v. Shepard, 9 Ire. 222. Then, as to the other point, although it be true, that tenants in common may, in general, sue separately for trespasses on real estate, yet it is established, that they may also join in such action, in respect to the injury being to their joint possession. Chamier v. Clingo, 5 M. & S., and Chamier v. Slingow, 2 Chitt. Rep. 410, are direct decisions to that point; and there seems to be no reason, why the case of two or more tenants in common, thus suing their fellow, after recovering in ejectment, should not fall under the common rule.
Per Curiam. Judgment affirmed.