### *Ex parte* DAVID SCHENCK.

Where a *prima facie* case is made, either upon affidavit or other sufficient proof, a rule *nisi* is granted, as of course.

(Certain expressions in an affidavit—relied upon as impairing its effect, *Held* to be surplusage.)

(*Ex parte* Moore, *ante* 369, cited and approved.)

AFFIDAVIT, for a rule against a sheriff, before *Logan, J.*, at LINCOLN, Spring Term 1869.

The facts are stated in the Opinion.

His Honor discharged the rule, and the affiant appealed.

*Bragg*, for the appellant.

*Hoke, Bynum, Fowle & Badger*, and *Phillips & Merrimon*, by leave, for other parties interested.

PEARSON, C. J.   When a *prima facie* case is made, either upon affidavit or other sufficient proof, a rule *nisi* is granted as of course, *Ex parte Moore*, at this term.

The affidavit sets out that regular executions were in the of hands King, as sheriff, under which he levied upon, advertised and sold at public auction, the land in question, according to law; that the affiant was the last and highest bidder, and the land was knocked down to him, and that he prepared a regular sheriff's deed, and tendered it to the sheriff for execution, and offered to pay the amount of his bid.   Had the affidavit stopped here, the affiant, on a *prima facie* case, was clearly entitled to the rule.

But the affidavit goes on to set out that the land had been "divided into smaller tracts as the law provides," and a portion of 218 acres, valued at $13.75 per acre by freeholders chosen by the parties, as provided by statute, was after due advertisement, offered for public sale, &c., "and knocked down to the affiant, as purchaser, at the price of $2.00 per acre.   This caused the difficulty.   Should it be allowed the effect of so impairing the *prima facie* case as to warrant the Judge in refusing the rule; or should it be treated as surplusage, under the maxim *"utile per inutile non vitiatur ?"*

It was an attempt to elicit the opinion of the Judge upon a grave constitutional question, before the sheriff could be heard, and without allowing him the aid of a full argument.   We think it ought to have been treated as surplusage.   In this Court the constitutional question was argued by counsel for the affiant, and counsel was heard in reply as *amicus curiae;* but we are satisfied the question is not before us, and we will not prejudge it.

The ruling of his Honor is reversed, and a *procedendo* will issue in conformity to this opinion.   The affiant will pay the costs of this Court.   No attorney's fee to be taxed.

PER CURIAM.                              Judgment reversed.