D. C. THOMPSON v. B. A. BERRY, Sheriff of Burke County.

A sheriff cannot be amerced for failing to collect a judgment based upon a note executed in November, 1865, unless he had actual notice that the judgment was granted upon a contract made after the 1st of May, 1865.

This was a *scire facias* issued from the County Court of Iredell, tested of May Term, 1868, and tried before *Mitchell, J.,* at Spring Term, 1871, of IREDELL Superior Court.

The facts were, that an execution from the County Court of Iredell County, returnable to May Term, 1868, of said Court, went into the hands of the defendant against W. F. Avery, and

in favor of the plaintiff, that the defendant returned the same to May Term of said Court, with a levy on realty endorsed thereon, and without a sale or satisfaction of the execution. The note on which the judgment was granted was executed in November, 1865. There was no evidence that the defendant had any actual notice of the date of the note on which the judgment was founded.

It was insisted for the defendant that his return of the execution without sale or satisfaction, was justified :

1st. By the military order of Gen'l Sickles.

2nd. By the ordinance of the Convention of 1868.

His Honor being of opinion with the plaintiff, gave judgment against the defendant, from which he appealed.

*W. P. Caldwell*, for plaintiff.
*Bailey*, for defendant.

READE, J. The ordinance of the Convention "Respecting the jurisdiction of the Courts," ratified 14th March, 1868, sec. 7–9, made it the duty of the Sheriff to return the process as he did in this case ; provided the debt upon which the judgment was obtained, was contracted prior to 1st May, 1865. See also sec. 16 of the ordinance. The debt in this case was not contracted prior to 1st May, 1865 ; but the Sheriff was not informed of that fact.

The question is, whether that was an excuse for the sheriff ? We think it was.

The ordinance was general, that the Sheriff "shall return *all fi. fa's.*," &c. And those founded on debts contracted since 1st May, 1865, are *exceptions.* And it was the duty of the plaintiff to inform the Sheriff that his *fi. fa.* was within the exception.

An amercement is a *penalty,* and is for a fixed sum without regard to the little or much of the plaintiff's damage. The penalty is not to be inflicted upon the Sheriff for the negligence of the plaintiff, in not giving him the necessary infor-

mation; especially is this so, when the execution as in this case issued from a court outside of the Sheriff's county, so that he could not by reasonable diligence ascertain the time when the debt was contracted.

A constable levied upon and sold a gun of the defendant in an execution, when the gun was exempt as "arms for muster." It was held, that the officer was not liable even in an action on his bond, much less would he be to the penalty of an amercement, although he knew that arms for muster were exempt; because he did not know, and was not presumed to know, that this particular gun was used for that purpose, and the owner of the gun did not inform him of the fact. *Henson* v. *Edwards*, 10 Ire. 43.

There is error.                    Judgment reversed.

NOTE.—Justice Boyden, being of counsel, did not sit in this case.