W. B. RICHARDSON v. J. J. WICKER, Sheriff.

*Amercement of Sheriff—Homestead.*

1. A sheriff is not liable to amercement for failure to have in court the amount of an execution issued upon a judgment for a debt contracted prior to 1868, when the judgment debtor has no property, real or personal, in excess of his exemptions under article X of the constitution.

2. The provisions of the exemption laws (constitution, art. X, and the statutes passed in pursuance thereof,) so modify chap. 106, § 15, Bat. Rev., as not to authorize the infliction of the penalty therein imposed for obedience to said exemption laws.

(*Badham* v. *Jones*, 64 N. C., 655, cited and approved.)

MOTION to amerce the defendant sheriff heard at Fall Term, 1878, of MOORE Superior Court, before *Buxton, J.*

The facts appear in the opinion. His Honor refused the motion and the plaintiff appealed.

*Messrs. Hinsdale & Devereux*, for plaintiff.
*Messrs. John Manning, Neill McKay* and *Merrimon, Fuller & Ashe*, for defendant.

DILLARD, J. This was a *sci. fa.* to show cause against a

RICHARDSON *v.* WICKER.

judgment *nisi* for $100 against the defendant as sheriff of Moore county for failing to have in court at fall term, 1878, the amount of an execution issued in the case of the plaintiff against Alex'r McNeill, Arch'd D. Blue and W. C. Thaggard for the collection of a debt contracted before the war. The defendant sheriff showed for cause against the making of the judgment absolute, that the defendants had no property, real or personal, in excess of the exemptions allowed them by the laws of the state and the decisions of the courts, and that he had acted with the execution which came to his hands in the manner and upon the reasons stated in his return endorsed thereon, which was in the following words: " The defendants file no petition for homestead and personal property exemptions to be laid off; plaintiff neither pays nor tenders fees to lay off same, and therefore no action ; and further, no action taken because of the penalties and prohibitions set forth in Bat. Rev., ch. 55."

1. Taking the facts above recited to be true, as by law we are required to do, there being no replication to them or other denial, the question is, do they in law constitute a sufficient cause against judgment absolute ?

The execution issued to the sheriff was a command of the law to make the money therein specified out of the personal property of the defendants, if sufficient; and if not, then out of the lands owned by them at the date of the judgment, or since; and to have the money together with the writ in court at the return day, then and there to be rendered to the plaintiff. In case of failure to do these things, the sheriff was liable to an amercement of one hundred dollars with privilege at the next term of the court to show cause against it. Bat. Rev., ch. 106, § 15. Under this statute which is a copy of Rev. Code, ch. 105, § 17, the penalty is imposed upon the delinquency of the sheriff in failing to return the execution at all, or returning it without the money. And it is given to the plaintiff in the execution upon the theory that

he is aggrieved., but chiefly as a punishment of the officer, and to stimulate him to active obedience.

Since this statute was passed and the penalty given for the two things—non-return of the process and failure to have the money—the constitution of 1868, article ten, and the laws passed in pursuance thereof, exempted from execution lands not exceeding a thousand dollars in value, and personal property not exceeding five hundred dollars in value, and required of the sheriff before levy and sale to set apart a homestead in land and personal property exemptions, under pain of indictment for a misdemeanor in case of his failure to do so; and has forbidden the sale of a reversionary interest of any land included in a homestead on pain of indictment for failure to do this also. Bat. Rev., ch. 55, §§ 17, 26 and 27.

This new law upon the subject of exemptions, taken in connection with the statute imposing the penalty of one hundred dollars, required the sheriff in executing the writ to leave off the exemptions in land and personal property as aforesaid, and restricted his liability to an amercement to the non-return of the execution, and to a failure to have the money in court by a levy and sale of the property *outside* of the exemptions. It being admitted in this case that the execution debtors had nothing beyond their exemptions, there was therefore no liability to amercement on the part of the sheriff, and the cause shown by him in his return was legally sufficient to prevent the judgment *nisi* from being made absolute.

It has been held in *Edwards* v. *Kearzey*, decided at the October term, 1877, of the supreme court of the United States, that the exemptions in land, provided for by the constitution of 1868, were not allowable against debts previously contracted. And it may be that consistently with that decision the plaintiff in our case had the right to have his debt made (the same being contracted in 1860) out of the

real and personal property of the execution debtors, or either of them, without any exemptions whatever, except perhaps an exemption in personalty, under the legislation in existence at the time of the contract. And it may be that it was the duty of the sheriff to know the effect of said decision and to have proceeded with the plaintiff's execution to make the money. But his failure so to do gave to the plaintiff a right, by action on the case against the sheriff alone, or by a suit on his official bond, to recover such damages as he could prove he sustained; and there is no doubt he could have maintained such actions. But it is not the necessary effect of the decision in *Edwards* v. *Kearzey* to give the plaintiff in addition to a full remedy for his debt, the benefit of a penalty of one hundred dollars imposed by the statute on the sheriff, simply as a punishment for official neglect.

The imposition of a penalty for a want of official diligence is a matter of state regulation, and it would be no impairment of the plaintiff's right to collect his debt if the legislature should repeal the amercement law altogether. Therefore we cannot see how it is that the plaintiff has any right to complain, because at the time his execution went into the hands of the sheriff it should be held, as was the law, that there was no penalty to be imposed on the sheriff in relation to his execution until after first setting apart the exemptions as provided by the constitution and statute laws of the state. To impose a penalty under such circumstances is to do so without legislation to authorize it.

It cannot be, that obedience to the existing law of the state by a ministerial officer can be regarded as official neglect, and subject him to pains and penalties as provided by section 15, chapter 106, of Battle's Revisal, which by the recent legislation is narrowed to the imposition of penalties upon sheriffs for failure to sell after exemptions are assigned, and to this extent is repealed.

2. In support of the conclusion to which we have arrived, we have a strong analogy in the case of *Badham* v. *Jones*, 64 N. C., 655, which was an action on the bond of a clerk for failing to issue an execution within six weeks after spring term, 1867, as enjoined on him by Rev. Code, ch. 45, § 29.

The convention on the 23rd of June, 1866, provided that execution should not issue to or from spring term, 1867, of the superior courts, the effect of which was to make them run from fall term to fall term,—one execution in a year instead of two, as always before; and this was part of the legislation to hinder and stay creditors. And it was held that the effect of the ordinance was to repeal or so to modify the old act, ch. 45, § 29, Rev. Code, that the clerk was not liable for his omission to issue the execution within six weeks.

Precisely so in this case. The constitution and statutes allowed exemptions in land and personal property, and forbade the sheriff to levy and sell under execution until he had first appraised and set apart the exemptions, and made him indictable for failing so to do; and the effect in our opinion was so far inconsistent with the statute of amercements as to amount to a repeal of it or such a modification as not to authorize the infliction of the penalty of one hundred dollars for obedience to said exemption laws.

No error.                                            Affirmed.

———

NOTE—The same ruling was made in a similar case between the same parties at this term.