L. H. YEARGIN v. R. A. WOOD, Coroner.

*Sheriff, amercement of—Notice of Rule.*

1. In a proceeding to enforce the statutory penalty against a sheriff for failure to make due return of process, it is not error to set aside a judgment absolute where it appeared that he had no notice of the rule upon him to show cause.

2. Where in such case the summons sent by mail did not reach such officer until six days before the sitting of the court to which it was returnable, and he served it in two days thereafter; *Held* he is not liable to amercement.

(*Frost* v. *Rowland*, 5 Ired., 385; *State* v. *Latham*, 6 Jones, 233; *Waugh* v. *Brittain*, 4 Jones, 470; *Cockerham* v. *Baker*, 7 Jones 288, cited and approved.)

MOTION to vacate a judgment heard at Fall Term, 1880, of WAKE Superior Court, before *Graves, J.*

The motion was allowed and the plaintiff appealed.

*Mr. Walter Clark,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

SMITH, C. J. The plaintiff sued out of the office of the clerk of the superior court of Wake, in an action instituted by himself against Susan Siler and others, one of whom was the sheriff of Macon, a summons returnable to fall term, 1879, and directed to the coroner of said county, and caused the same on July 8th, 1879, to be deposited in the post office at Raleigh, in an envelope addressed to said coroner at the county seat thereof. The process was returned with an endorsement of service made on August 7th, four days before the beginning of the term of Wake superior court, and on proof of the deposit in the post-office, judgment *nisi* for the penalty was then on plaintiff's motion entered up against the defendant and notice thereof ordered

to issue to him. At spring term following on like proof of the issuing and forwarding of a copy of the rule by mail in time to have reached its destination, and the defendant failing to appear, the said judgment was made final. At August term, 1880, upon notice, motion was made on behalf of the defendant to vacate the judgment, supported by his affidavit, and the court finds the following facts: The defendant, a mill wright, was absent at work in South Carolina, during the months of July and August, and the summons for neglect to serve which he was amerced was forwarded and received by him on the 5th day of the latter month, and under his deputation was executed two days thereafter. Owing to his prolonged absence at his work, he received no copy of the rule, and no notice or information thereof from any source until the execution against him was in the sheriff's hands. The court thereupon set aside the final judgment and refused to make the rule absolute, and the plaintiff appealed.

The record does not disclose any final disposition of the cause by an order of dismissal, and strictly the only point presented is the action of the court in vacating the absolute judgment, and this raises two questions:

1. Was the transmission of the copy of the rule by mail a sufficient service?

2. Upon the facts is the defendant liable to amercement?

While we do not undertake to say that any thing short of an actual personal service or service by publication will authorize a final judgment upon the presumption that the copy was received, it was clearly competent for the court, and its duty to relieve the defendant upon satisfactory evidence that the notice never did reach him, nor did he have information from any source of the pending proceeding to enforce the statutory penalty. It was not error therefore to set aside the judgment when no opportunity had been afforded for making a defence.

2. Has the defendant rendered himself liable to the amercement?

The act of 1777 declares that "every sheriff by himself or his lawful deputies" (and it equally applies to coroners under subsequent legislation) "shall execute all writs and other process to him legally issued and directed," &c., and make due return thereof under the penalty of forfeiting one hundred dollars (originally fifty pounds) for each neglect, when such process *shall be delivered to him* twenty days before the sitting of the court to which the same is returnable, to be paid to the party aggrieved, by order of the court upon motion and *proof* of such delivery, unless such sheriff can show sufficient cause to the court at the next succeeding term after the order. Bat. Rev., ch. 106, § 15. The statute became more highly penal by an amendment in 1821, since repealed, which subjected the offending officer to indictment also. "It was known," says Chief Justice RUFFIN, in reference to the purposes of this legislation, "that debtors often prevailed on sheriffs to omit doing execution by paying down to them the trifling fine. To prevent such scandal to the law and such injury to the suitor, the legislature enlarged the amercement to the party aggrieved to $100. But as even that might in some cases be advanced by the debtor, and it was intended to enforce effectually the execution of process in all cases, it was added in that act that said sheriff shall for every such neglect be further subject to indictment." *Frost* v. *Rowland*, 5 Ired., 385. To bring a delinquent officer within the provisions of the statute and subject him to its pains, the process must have been delivered to him twenty days before it is to be returned and there must be "*proof of such delivery.*" The proof is sufficient for an amercement *nisi*, under former rulings where it is shown that the process in an envelope properly directed and with postage pre-paid has been deposited in the post office in time to enable it to reach its destination in the due

course of the mail twenty days before the session of the court to which it is returnable. *State* v. *Latham*, 6 Jones, 233. And the officer is allowed to rebut the presumption of its having been received and to discharge himself, as upon a motion for a rule against him, in the language of the late chief justice, " by making an affidavit that the writ did not come to his hands." In like manner the officer may use the mail for the transmission and return of the precept in his hands to the office whence it issued without incurring the penalty, a proposition intimated in *Waugh* v. *Brittain*, 4 Jones, 770, and declared in *Cockerham* v. *Baker*, 7 Jones, 288.

To what extent these rulings are modified by the code of civil procedure, sections 350, 351 and 352, which prescribe the mode of serving notice, it is not necessary for us now to determine. They do not make the case more favorable to the appellant.

The delivery of the process to the officer and his failure to execute its commands and make due return, are essential ingredients in the criminal dereliction of duty followed by the penal consequences thus summarily enforced.

Whatever liabilities the defendant may have incurred (and we do not say he has incurred any to the plaintiff) by his protracted absence from his county and consequent inability to discharge the duties of his office when called on, to the public, he has not incurred that now sought to be enforced. The fact being established that the summons never came into the defendant's hands until six days before the session of the court to which it was returnable, and that in two days thereafter it was served, we are of opinion that he cannot be amerced ; and the ruling of His Honor must be sustained and the proceeding dismissed.

No error.                                        Affirmed.