JOSIAH TURNER v. M. W. PAGE, Sheriff.

*Amercement — Sheriff — Return — Amendment — Execution— Excuse.*

A Sheriff received an execution August 19, 1892, entered his return on it November 5, and forwarded it to the Court from which it issued, but the Clerk of that Court did not take it out of the post-office until the next day. The Court met on the 2d of November and adjourned on the 5th, but the Sheriff was ignorant of the day of adjournment. In amercement proceedings after answer filed and the hearing of the cause was entered upon, the plaintiff moved to amend his affidavit in order to charge failure to execute and make due return : *Held,* (1) that the denial of this motion and the discharging of the rule against the Sheriff was error ; (2) no sufficient excuse was offered for failure to return the execution.

AMERCEMENT proceeding against defendant, the Sheriff of Wake County, for failure to return an execution in favor of plaintiff, tried before *Whitaker, J.,* at March Term, 1892, of ORANGE Superior Court.

The facts found are as follows: On August 19, 1891, M. W. Page, Sheriff of Wake County, received an execution from the Superior Court of Orange County in favor of the plaintiff against defendant, returnable to the next term of said Court, which began November 2, 1891. On November 5, the Sheriff made return to the execution, said return being endorsed thereon by the Sheriff on the morning of November 5. The execution was mailed to the Clerk of said Court during said morning, which was Thursday, and arrived by

mail in Hillsboro on the night of the 5th (there being only one-mail each day between Raleigh and Hillsboro), but the Clerk did not get it out of the post-office till Friday, November 6. The November Term of said Court began November 2, and the Judge adjourned the Court *sine die* on the afternoon of Thursday, November 5, 1891. The Sheriff knew nothing of the adjournment of the Court when he returned and mailed the execution. After the filing of the answer of the defendant Sheriff, and the hearing of the cause had been entered upon, the plaintiff moved to amend his affidavit (filed previously before WINSTON, J.) in order to charge a failure to execute and make due return of said writ. This was denied. His Honor held that the rule against the defendant be discharged, and adjudged that plaintiff pay costs of the proceeding. Plaintiff excepted and appealed.

*Mr. C. D. Turner,* for plaintiff.
*Mr. W. W. Fuller,* for defendant.

MACRAE, J.: The term of the Court to which the Sheriff was bound to return the execution adjourned *sine die* on the afternoon of Thursday, November 5, 1891. The Sheriff mailed the execution with his return endorsed thereon at Raleigh on the morning of the said 5th day of November. It was taken out of the post-office at Hillsboro by the Clerk of Orange Superior Court on the day after the adjournment of the term.

Executions shall be returnable to the term of the Court next after that from which they bear *teste. The Code,* § 449. The Sheriff is allowed all the days of the term to return an execution, unless he be ruled, upon motion and cause shown, to return it on some intermediate day. *Person* v. *Newsom,* 87 N. C., 142. While the term may last for the full time given it by law, it may be adjourned at an earlier day. *Branch* v. *Walker,* 92 N. C., 87; *Foley* v. *Black, Ibid,* 476. It

seems that this execution was received by defendant on the 19th of August, that the plaintiff was restrained by order of the Judge from proceeding under it, and that at any time after such restraining order was served upon plaintiff the execution might have been returned, but that it was delayed until too late to reach the Court before its adjournment. Section 2079 of *The Code* imposes the penalty for neglect to make due return, unless such Sheriff can show sufficient cause to the Court at the next succeeding term after the order.

It is true that, as appears by the answer of defendant, an alias execution afterwards came into his hands and he collected the money thereon and the plaintiff has received the same. We are precluded from giving relief on account of the hardship of the case. The letter and spirit of the law are plain, and the statute is older than the State. Its purpose is to secure promptness and efficiency on the part of its officers. A failure to execute it from motives of sympathy would lead to looseness in administration and impair the strength and dignity of the law. No sufficient excuse was offered for the failure to return the execution and it was error to discharge the rule.

Judgment Reversed.