C. E. GRAHAM & CO. v. B. STURGILL, Sheriff.

(Decided December 6, 1898).

*Sheriff—Amercement—The Code, Section 2079.*

Where judgment *nisi* for $100 is rendered against a Sheriff for failure to make due return of process, and no sufficient reason is shown for the failure, the judgment should be made absolute. *The Code,* Section 2079.

AMERCEMENT of defendant, Sheriff of Ashe County, for not making due return of process of execution in the case of C. E. Graham & Co. v. Vail & Gilbert, heard on appeal from Justice's court by *Coble, J.,* at Fall Term, 1898, of Superior Court.

CASE.

This was an appeal from a judgment of Justice of the Peace setting aside a judgment *nisi* granted upon a motion based upon affidavit, under Section 2079 of *The Code,* against B. Sturgill, Sheriff, adjudging that the said Sheriff was liable to pay to the plaintiffs the penalty of one hundred dollars, and that the said plaintiffs recover of the said Sheriff the sum of one hundred dollars and costs of motion, unless the said Sturgill, Sheriff, showed sufficient cause to the Justice's court on the first Monday in December, 1897. The Court found the following facts: That execution issued from the court of the Justice of the Peace on the 7th day of July, 1897, for the sum of $196.11 damages, with interest on same from the 29th day of June, 1897, and eighty cents costs; that on the said 7th day of July, 1897, the said execution was delivered and the execution costs paid allowed by law to J. W. Wayman, Deputy Sheriff, by

J. W. Todd, plaintiff's attorney; that the homestead fees were not paid nor tendered; that on the morning of the 8th day of July, 1897, the said Wayman, Deputy Sheriff, presented the said execution to the said Vail, of the firm of Vail & Gilbert, and demanded payment; that the said Vail refused payment on the ground that he had craved a stay of execution on the day judgment was rendered, and that the time had not expired; that thereupon the said Wayman, Deputy Sheriff, went to the said J. W. Todd, attorney for the said plaintiffs, and stated that the said Vail demanded the time allowed him by law to stay said execution, whereupon the said Todd, attorney as aforesaid, said to the said Deputy Sheriff, "Give him until to-morrow, and in the meantime keep your thumb on them." That on the same said 8th day of July, 1897, the said firm of Vail & Gilbert made an assignment of all their goods, chattels and effects belonging to the said firm of Vail & Gilbert, which assignment was duly recorded on the same day that said conversation with the said J. W. Todd was had; that thereafter his (the said A. R. Vail's) personal property exemption was allotted and nothing left upon which a levy could be made out of which to satisfy said execution; that return was not made upon said execution within sixty days from the said July 7th, 1897, the date of said execution. That the said Wayman, Deputy Sheriff as aforesaid, states in his affidavit filed before the Justice of the Peace that the reason return was not made on said execution within sixty days was because of the direction given him by the said Todd as above stated, and the said Wayman further states in said affidavit that after the assignment was duly executed and recorded, that there was nothing whatever upon which

123—25

GRAHAM *v.* STURGILL.

to levy out of which to make said debts, and that the said Wayman regarded the execution as of no effect. That on the 8th day of July, 1897, when the said Wayman demanded payment on the execution in the above case, A. R. Vail, of the firm of Vail & Gilbert, said, ''If they push me to the wall, I shall demand all the law allows me;" and the said Wayman states in his affidavit that from the expression the said Wayman understood that said Vail demanded his personal property exemption. That fees for laying off personal property exemption had not been advanced to the said Wayman. That the following endorsements appear upon the writ of execution: ''Received July 7th, 1897. B. Sturgill, Sheriff—J. W. Wayman." ''Not satisfied. No property found to satisfy said execution. Sept. 7th, 1897. B. Sturgill, Sheriff, per J. W. Wayman." It also appears from the writ of execution that it was returnable in sixty days.

From an affidavit of the said J. W. Wayman, filed at this Term the Court finds that the said Wayman returned said execution to the Justice on the 10th of the month and made his return as of the 7th, and the Justice called attention of the said Wayman to that fact and said that it was all right, that it made no difference, and he would let it go that way, and to make no change.

Upon the foregoing facts the Court being of the opinion that the said Sheriff failed to make due return of said writ of execution, and being further of the opinion that sufficient cause for such failure had not been shown, rendered judgment absolute as follows:

JUDGMENT.

This cause coming on to be heard upon the appeal

from the judgment rendered by S. T. Sandefur, Justice of the Peace, refusing to make absolute the judgment *nisi*, rendered against the Sheriff, B. Sturgill, and being heard, and the facts found by the Court, it is adjudged that the judgment *nisi* against said Sheriff B. Sturgill be made absolute. It is, therefore, considered and adjudged that the plaintiffs recover of the said Sheriff, B. Sturgill, the sum of one hundred dollars, and the costs of the motion, to be taxed by the Clerk.

ALBERT L. COBLE,
*Judge Presiding.*

### SHERIFF APPEALS TO SUPREME COURT.

The said Sheriff B. Sturgill excepted to said judgment and appealed to the Supreme Court. Notice of appeal waived. Appeal bond fixed at $25.00. The above is the case on appeal.

ALBERT L. COBLE,
*Judge Presiding.*

*Mr. R. A. Doughton*, for appellant.
*Messrs. Todd & Pell*, for appellee.

FAIRCLOTH, C. J.: An execution issued from a Justice of the Peace to the Sheriff, on July 7, 1897, commanding him to collect and make due return in 60 days. The return was made on September 10, 1897, more than 60 days. The plaintiff moved for the penalty of $100 against the Sheriff for failing to make due return of the execution and obtained judgment *nisi*, and on the hearing the Justice refused to enter judgment absolute. An appeal was taken, and in the Superior Court, the Judge, after finding as facts that no return was made in 60 days and that no sufficient cause

for such failure was shown, rendered judgment absolute against the Sheriff. There was no error in the judgment. *Waugh* v. *Brittain*, 49 N. C., 470; *Code*, Section 2079.

Another question was argued before us, but after the above conclusion it would be of no benefit to the defendant to consider it.

Affirmed.