JOSEPH SWAIN v. F. A. PHELPS, Executrix.

(Decided October 17, 1899.)

*Amercement of Sheriff—Neglect to Serve Process—Code, Sec. 2070—Penalty $100.*

1. An amercement of a sheriff is a penalty imposed by law, for neglect to serve process when no sufficient cause is shown for his failure to discharge an official duty.

2. The courts have no dispensing power to relieve from the penalty prescribed by law.

MOTION to amerce W. G. Burden, Sheriff of BERTIE County, for failure to serve the summons on the defendant returnable to February Term, 1898—the motion was made, upon notice, returnable to February Term, 1899, at which term judgment *nisi* was entered, and *scire facias* ordered returnable to September Term, 1899, when the rule was heard before *Bowman, J.,* and discharged. The plaintiff excepted and appealed. The reasons influencing his Honor are stated in the opinion.

*Mr. R. B. Peebles,* for appellant.
*Messrs. F. D. Winston* and *Jones Fuller, contra.*

CLARK, J. The sheriff to whom the summons issued returned it "served," and was sued for the $500 penalty for false return. The Court permitted him, for the reasons set

out in his affidavit, to amend this return and the power of the court below to allow the amendment was sustained on appeal. *Swain v. Burden,* 124 N. C., 16.

The return as amended sets out that the summons was sent by the deputy sheriff by mail to a Justice of the Peace who read the same to the defendant therein named. This action is for the $100 penalty for failure to serve process. This presents a different question from the power in the court to permit amendment of the return so as to make it speak the truth. It has been made to speak the truth and it appears that there was neglect for which The Code, sec. 2079, imposes $100 penalty, and the courts have no "dispensing power" to relieve from the penalty prescribed by the law. It is no excuse that the sheriff had no corrupt or bad intentions and that the plaintiff was saved from any resulting injury by the voluntary appearance of the defendant. If there had been corrupt intent, there was the additional punishment of indictment; and if any injury to plaintiff had resulted, there was the additional remedy of a civil action against the sheriff for damages. This amercement of $100 is given for the neglect to serve process when no sufficient cause is shown, and none has been shown.

The highest considerations of public policy require that sheriffs shall not be negligent in the service of process committed to them. *Turner v. Page,* 111 N. C., 291; *Boyd v. Teague, Ibid,* 246; *Finley v. Hayes,* 81 N. C., 368; *Morrow v. Allison,* 33 N. C., 217; *Hathaway v. Freeman,* 29 N. C., 109. Ignorance of the officer is no excuse. *Houser v. Wilson,* 29 N. C., 333. Whether any damage was done to the plaintiff is immaterial. The amercement is for failure to discharge an official duty. *Buckley v. Hampton,* 23 N. C., 322.

The motion to dismiss the appeal is denied. The motion

to amerce was a motion in the cause made by the plaintiff therein, and he had a right to appeal from its refusal. Code, sec. 547.

Upon the facts found, the judgment *nisi* should be made absolute.

Reversed.