BELL v. WYCOFF.

(Filed November 11, 1902.)

SHERIFFS—*Service of Process—Summons—Return—Fines—Penalties—The Code, Sec. 2079.*

> The facts in this case are not sufficient to excuse a sheriff from the penalty imposed upon him for failure to make return of process delivered to him twenty days before the sitting of the court to which the same is returnable.

ACTION by Ida L. Bell against J. H. Wycoff, heard by Judge *A. L. Coble,* at February Term, 1902, of the Superior Court of ROCKINGHAM County.

After the failure of the defendant Sheriff to make due return of the summons issued to him in the action of *Ida L. Bell v. Wm. T. Bell,* upon motion of the plaintiff, judgment *nisi* was entered against him under section 2079 of The Code by the Court, and *sci. fa.* issued.   Upon a return of the *sci. fa.,* his Honor found the facts, upon the evidence submitted

by plaintiff and respondent, and thereupon entered judgment in favor of the plaintiff, and defendant appealed.

The Court found the following facts: "That the summons was issued June 27, 1901, returnable to July Term, 1901, which began July 29, 1901; that the summons was received by Wycoff, Sheriff, July 1, 1901; that said term of Court, to which the summons was returnable, adjourned *sine die* August 1, 1901; that said summons was returned by said Sheriff Wycoff August 6, 1901; that the Clerk of the Court received the said summons from the said Sheriff August 7, 1901; that *sci. fa.* was served on Wycoff, Sheriff, on November 29, 1901; that immediately on receipt of said summons by said Sheriff, he placed the same in the hands of one of his deputies, W. C. Wooten, who lives in the section of the county where the said Sheriff had been informed that the defendant in the said action of *Ida L. Bell v. William T. Bell* had resided. That the said defendant Sheriff gave his said deputy instructions to make diligent search for the said defendant Bell, and, if found, to serve the paper on him at the earliest possible moment. That some time during the month of July, the said Sheriff met said Deputy Sheriff and asked him about said summons. That the said deputy informed him that the said defendant Bell was not, and had not been, a resident of the State for nearly a year, as he had learned upon inquiry, but that one Thomas Bell, the father of said defendant Bell, and who resided in Iredell County, had informed him, the said deputy, that said defendant Bell would pay a visit to his father's home the latter part of July or first of August of said year 1901, and that if he should be allowed to hold the said summons a while longer, then he could secure service upon the said defendant Bell. That afterwards, when the said Sheriff received a letter from A. J. Benton, attorney for the plaintiff in said action, he, the said Sheriff, caused the said deputy to bring said summons in, when he was informed

that the deputy had learned from the father of the said defendant Bell that he was unable to come on the expected visit on account of sickness in his employer's family. That thereupon the said Sheriff caused the said deputy to make the return which appears on the back of said summons, and to return the same unexecuted, at the same time returning the sixty cents fees which had been advanced to the said Sheriff by the plaintiff. That when the said Deputy Sheriff Wooten received the said summons, he was under the impression that the said summons was returnable at a later day, to-wit, the latter part of August of said year. That the said summons, on its face, stated that it was returnable at the court-house in Wentworth on the fifth Monday before the first Monday in September, 1901. That as soon as the said Wooten received said summons, he made diligent inquiry for the said defendant William T. Bell. That he inquired of five or six persons who, in the opinion of the said Deputy Sheriff Wooten, were likely to know the said defendant's whereabouts, and that all of the said people told the said Wooten that they did not believe that the said defendant Bell was in the State of North Carolina, but that the said Deputy Sheriff, being anxious to further discharge his duty in the premises, went to the father of the said William T. Bell, who lived at the distance of some three miles, and inquired of him of the whereabouts of his said son, at the same time informing him that he had a summons for him in a suit commenced by his wife, Ida L. Bell, in the Superior Court of Rockingham County. That the father of the said defendant Bell informed the said Wooten, Deputy Sheriff, that his said son was not a citizen or resident of the State of North Carolina, and had not been for nearly a year, but that he was then a citizen and resident of the State of West Virginia, and that he had received a letter from his said son in which he stated that he intended to make a visit to his said father and mother in Iredell County in the

latter part of July or the first of August, 1901, and that if
the said Wooten, Deputy Sheriff, would hold said summons
until said time, that he could recover service of the same.
That the said deputy, desiring to accommodate the plaintiff
and secure service for her, held said summons until the first
of August, when he learned that said defendant Bell was not
in the county of Iredell, and that he would not probably be in
said county. That the said Deputy Sheriff held said sum-
mons solely for the purpose, as he conceived, of performing
his duty and accommodating the plaintiff."

It is prescribed by section 2079 of The Code that "Every
Sheriff, by himself or his lawful deputy, shall execute all
writs and other process to him legally issued and directed
within his county,   *   *   *   and make due return thereof,
under penalty of forfeiting one hundred dollars for each neg-
lect, where such process shall be delivered to him twenty days
before the sitting of the Court to which the same is returnable,
to be paid to the party aggrieved, by order of the Court, upon
motion and proof of such delay, unless such Sheriff shall show
sufficient cause to the Court," etc.

From judgment for the plaintiff, the defendant appealed.

*A. J. Burton,* for the plaintiff.
*Armfield & Turner,* for the defendant.

COOK, J., after stating the case. We sustain his Honor in
holding that the cause of his delinquency, as stated in the
facts found, was insufficient to excuse defendant from the
penalty imposed by law. The impression that the summons
was returnable at a later date, to-wit, the latter part of Au-
gust, was not made by his reading the summons, as he should
have done, for the word "August" does not appear therein.
The "fifth Monday before the first Monday in September"
can not come the latter part of August, so his impression was

BELL *v.* WYCOFF.

not obtained from the summons which he received and was "commanded" to serve.

Before undertaking to obey the precept, he should have read and learned its contents, and known what he was "commanded" to do. This he neglected and failed to do, for which he was inexcusable, and will have to bear the burden of his own (or his deputy's) carelessness.

His diligence in undertaking to locate the defendant and to serve the summons upon him when he should reach the county, was incumbent upon him, and in doing so he only discharged his duty to that extent. But in holding the summons *after* the return day for the purpose, as he conceived, of performing his duty and accommodating the plaintiff, was a misconception of duty, and does not protect him against the penalty. To accommodate the plaintiff was no part of his duty. An officer should discharge his duties faithfully and impartially, and accommodate his acts and doings to the requirements of law and his oath of office, and not to aid friends and favorites, or to incur the favor of any particular person or persons. Why a case so utterly devoid of merit should be taken by appeal to this Court, we are unable to conceive.

Affirmed.