BROGDEN PRODUCE COMPANY v. ALLMOND STANLEY.

(Filed 16 June, 1966.)

**1. Execution § 3—**

An execution must be returned to the place from which it originated, with such endorsements as the law requires, not more than 90 days after its issuance. G.S. 1-310.

**2. Sheriffs § 4—**

Where it is stipulated or proven that a sheriff failed to return execution of a judgment to the court issuing it within the 60 days required by the execution, the party aggrieved is entitled to judgment *nisi* against the

sheriff as a matter of course, G.S. 162-14, G.S. 162-15, and amercement of the sheriff should be entered at the next succeeding term after the judgment *nisi* unless the sheriff shows to the court sufficient cause to vacate the judgment, the amercement being a penalty imposed upon the sheriff as a punishment for his failure to discharge a duty imposed by statute.

**3. Same—**

Findings that plaintiff's attorney failed to give the sheriff information with reference to the whereabouts of the judgment debtor or his property, that the sheriff's territory was extensive and his staff small, and that the sheriff, within the time allowed, had made diligent effort to locate defendant but was unable to do so, *held* insufficient to show cause why the judgment *nisi* against the sheriff for failure to return execution within the statutory time should not be made final.

**4. Same—**

The courts have no "dispensing power" to relieve a sheriff of the penalty imposed by G.S. 162-14.

MOORE, J., not sitting.

APPEAL by plaintiff from *Copeland, S.J.,* January 1966 (Nonjury) Civil Session of WAKE.

Rule on the Sheriff of Johnston County to show cause why an amercement *nisi* for failing to make timely return of an execution in plaintiff's favor should not be made absolute. These facts appear of record:

Plaintiff, Brogden Produce Company, recovered judgment in the principal sum of $354.37 against defendant, Allmond Stanley, in the Superior Court of Wake County on November 9, 1964. A transcript of this judgment was docketed in the Superior Court of Johnston County, and, on August 5, 1965, the Clerk of the Superior Court of Wake County issued execution, returnable within 60 days, to the Sheriff of Johnston County. The sheriff received this execution on August 7, 1965. He had not returned it on December 29, 1965, and, on that day, plaintiff moved under G.S. 162-14 and G.S. 162-15, that a judgment *nisi* be entered against the sheriff. His Honor, James H. Pou Bailey, entered judgment *nisi* for $100.00 against Rayford Oliver, Sheriff of Johnston County, and directed him to show cause why the judgment should not be made absolute. Thereafter, on January 6, 1966, the sheriff returned the execution endorsed "Payment demanded. Payment refused. Nothing found to levy on."

The rule to show cause came on to be heard before his Honor, J. William Copeland, judge presiding at the January 1966 Session. He entered an order in which, in addition to the facts set out above, he found the following:

1. Neither counsel for plaintiff nor anyone else ever informed the sheriff where defendant or his property could be found, nor did he give the sheriff any assistance whatsoever.

2. Geographically, Johnston County is one of the three largest counties in this State, and it has a population in excess of 60,000.

3. The Sheriff of Johnston County has only 6 deputies to assist him in performing the duties of his office.

4. Upon receipt of the execution in question, and within 60 days thereafter, Sheriff Oliver and his deputies, from time to time, made diligent search for defendant, but were unable to locate him.

5. In December 1965, counsel for plaintiff came to the sheriff's office in Johnston County and "about that time the judgment debtor was located," and the execution returned *nulla bona.*

6. Sheriff Oliver "was not negligent in any regard, but, on the contrary, did exercise diligence at all times."

Judge Copeland concluded that these findings were "sufficient cause to relieve" the sheriff of the judgment *nisi,* and he vacated the amercement. From this judgment plaintiff appeals.

*Allen Langston for plaintiff appellant.*
*Knox V. Jenkins and Harry E. Canaday for Sheriff of Johnston County.*

SHARP, J. The law requires that executions "shall be returnable to the court from which they were issued not more than 90 days from the date of issue." G.S. 1-310. The term *return* implies that the process is taken back, with such endorsements as the law requires, to the place from which it originated. *Watson v. Mitchell,* 108 N.C. 364, 12 S.E. 836. The execution with which we are concerned was issued on August 5, 1965, and it was made returnable within 60 days, that is, on or before October 4, 1965. Sheriff Oliver stipulates that he did not return the execution "until sometime after the 4th day of October." Actually, he returned it on January 6, 1966 — 154 days after its issuance, and not until after judgment *nisi* had been entered against him in this amercement proceeding.

G.S. 162-14 (our codification of Laws of 1777, ch. 118 § 5 (Potter's Rev.); Rev. Code, ch. 105 § 17; Code, § 2079), provides in pertinent part that every sheriff who fails to execute and make due return of all process legally issued and delivered to him shall forfeit $100.00 to the party aggrieved "unless the sheriff can show sufficient

cause to the court at the next succeeding term" after judgment *nisi* has been entered against him. Upon motion and proof that a sheriff has failed to return process delivered to him, as directed in the process and required by law, the party aggrieved is entitled, as of course, to judgment *nisi* against him. G.S. 162-14; G.S. 162-15; *Ex-parte Schenck*, 63 N.C. 601. "An amercement is a *penalty*, and is for a fixed sum without regard to the little or much of the plaintiff's damage." *Thompson v. Berry*, 65 N.C. 484, 485. The penalty is imposed upon the delinquency of the sheriff for failing to make due return of the execution unless, at the next succeeding term after judgment *nisi* is entered against him, he shows to the court sufficient cause to vacate the tentative amercement. *Turner v. Page*, 111 N.C. 291, 16 S.E. 174. If the issue is in dispute, whether the return was made in proper time is a question of fact to be decided by the jury. *Waugh v. Brittain*, 49 N.C. 470. The one hundred dollars is given to the plaintiff in the execution "upon the theory that he is aggrieved, but chiefly as a punishment to the officer, and to stimulate him to active obedience." *Richardson v. Wicker*, 80 N.C. 172, 173. *Accord*, *Yeargin v. Wood*, 84 N.C. 326; *Hathaway v. Freeman*, 29 N.C. 109.

This appeal presents one question: Is the conclusion of the trial court that the judgment *nisi* should be vacated, and the rule against Sheriff Oliver discharged, supported by his findings of fact? *Cratch v. Taylor*, 256 N.C. 462, 124 S.E. 2d 124. In substance, the judge's findings are these: (1) Plaintiff's attorney did not give the sheriff any information with reference to the whereabouts of defendant or his property; (2) Johnston County is a large county and the sheriff's office is not staffed commensurately; (3) The sheriff and his deputies, "within the time prescribed by law for return of said execution," made diligent effort to locate defendant but were unable to do so. Do these findings constitute "sufficient cause" for the court to discharge the rule against Sheriff Oliver?

In *Morrow v. Allison*, 33 N.C. 217, the sheriff's defense to an amercement *nisi* was that, before the day for the return of the execution, the plaintiff and his judgment debtor entered into an agreement "to suspend the collection of the money mentioned in the writ, with a view to a settlement between them in relation to it." The trial judge instructed the jury that the sheriff's defense was good. On appeal, this Court ordered a new trial, saying through Ruffin, C.J., "An agreement to suspend the collection of the debt, or to stay the execution, as it is commonly called, even if communicated to the sheriff, gives no authority to the officers not to return the writ."

In *Bell v. Wycoff*, 131 N.C. 245, 42 S.E. 608, the sheriff failed to make timely return of a summons which he had been unable to serve upon a defendant who was out of the state. Judgment *nisi*

was entered. At the subsequent hearing, the officer offered evidence tending to show that (1) he was under the impression that the process was returnable "the latter part of August," and (2) he had used due diligence in seeking out the person to be served and had retained the process upon information that defendant might return to the state. It was held that neither contention afforded "sufficient cause." Addressing itself to the latter point, the Court said:

> "Before undertaking to obey the precept he should have read and learned its contents and known what he was 'commanded' to do. This he neglected and failed to do, for which he was inexcusable, and will have to bear the burden of his own (or his deputy's) carelessness.
>
> "His diligence in undertaking to locate the defendant and to serve the summons upon him when he should reach the county was incumbent upon him, and in doing so he only discharged his duty to that extent. But in holding the summons *after* the return day for the purpose, as he conceived, of performing his duty and accommodating the plaintiff, was a misconception of duty and does not protect him against the penalty. To accommodate the plaintiff was no part of his duty. An officer should discharge his duties faithfully and impartially, and accommodate his acts and doings to the requirements of law and his oath of office, and not to aid friends and favorites, or to incur the favor of any particular person or persons. Why a case so utterly devoid of merit should be taken by appeal to this Court we are unable to conceive." *Id.* at 249, 42 S.E. at 609.

The courts have no "dispensing power" to relieve a sheriff from the penalty imposed by G.S. 162-14. *Swain v. Phelps,* 125 N.C. 43, 34 S.E. 110. In *Swain,* the sheriff failed to serve a summons, but plaintiff suffered no injury because the defendant voluntarily appeared in court. The trial judge discharged the amercement *nisi* against the sheriff. On appeal this Court reversed, saying,

> "It is no excuse that the sheriff had no corrupt or bad intentions and that the plaintiff was saved from any resulting injury by the voluntary appearance of the defendant . . . This amercement of $100 is given for the neglect to serve process when no sufficient cause is shown, and none has been shown.
>
> "The highest considerations of public policy require that sheriffs shall not be negligent in the service of process committed to them. . . . Ignorance of the officer is no excuse. . . . Whether any damage was done to the plaintiff is immaterial. The amercement is for failure to discharge an official duty." *Id.* at 44, 34 S.E. at 111.

Obviously, Judge Copeland's findings, although they may explain why the sheriff did not execute the writ and collect the money due on plaintiff's judgment, cannot excuse his failure to comply with the court's order that he return the execution, with the appropriate endorsement, within 60 days of its issuance.

In this century, few cases involving the amercement of a sheriff have reached this Court, but, as the cases cited herein indicate, amercement was a frequent occurrence in years gone by. The public policy which prompted the enactment of Chapter 118 of the Laws of 1777 (unchanged as G.S. 162-14 except that the penalty of $100 was then 50 pounds) is no less valid today — and the need for such a statute, as this case indicates, is no less real. The statute imposes no undue hardship upon sheriffs. To have avoided liability in this instance, Sheriff Oliver need only have written upon the execution that, after due diligence and search, he was unable to find defendant or any property belonging to him in Johnston County and, within the 60 days specified in the execution, mailed it to the Clerk of the Superior Court of Wake County. *Massengill v. Lee*, 228 N.C. 35, 44 S.E. 2d 356. *Cf. Turner v. Page, supra.* Instead, he held the process for 154 days. Having made no return in 60 days, and having shown no sufficient cause for such failure, the amercement *nisi* against him should have been made absolute. *Graham v. Sturgill*, 123 N.C. 384, 31 S.E. 705.

The judgment below is vacated, and this cause is remanded for the entry of judgment absolute.

Reversed and remanded.

MOORE, J., not sitting.