J. A. PRITCHETT, EXECUTOR OF THE WILL OF LEWIS W. THOMPSON, JR. v. WILLIAM C. THOMPSON, BURGESS U. WHITEHEAD, LEWIS WHITEHEAD, JOSEPH GREENE WHITEHEAD, THOMAS WHITMEL GRIFFIN, MARGARET URQUHART GRIFFIN, CHARLES B. GRIFFIN, JR., MARY BOND GRIFFIN JACKSON, BURGESS U. GRIFFIN, BURGESS URQUHART, JR., THOMAS M. URQUHART, EMILY M. URQUHART AYSCUE, RICHARD A. URQUHART, JR., KATE FENNER URQUHART, WILLIAM E. URQUHART, MARY LOCKHART J. McMURRAN, JAMES P. JOHNSON, ANNE JANET JOHNSON SHEPHERD, THOMAS GRIFFIN JOHNSON, JOHN S. JOHNSON, JOHN GRIFFIN MARSHALL, CHARLES M. MARSHALL, JAMES DAVID MARSHALL, ROBERT LEE MARSHALL, JOHN SCOTT BRITTON, TEMPERANCE G. BRITTON, THELMA LEWIS BRITTON, MARY DOE (A DAUGHTER OF HUNTER GRIFFIN, CORRECT NAME UNKNOWN), ELIZABETH HARRELL BAZEMORE, JEAN WHITEHEAD CURRY, P. E. WALTERS, ELEANOR VIRGINIA OLIVER GOODWIN, SALLIE CORA EASON NORFLEET, THOMAS B. SLADE III, RICHARD G. SLADE, MARY WARD SLADE PURVIS

No. 756SC761

(Filed 4 February 1976)

**Wills § 46— gift to nearest of kin — no representation**

Where testator's will left all of testator's real and personal property to a named uncle for life and provided that at his death "½ of

Pritchett v. Thompson

my estate shall be given to my nearest of kin on my father's side, and the other ½ to the nearest of kin on my mother's side, and this shall include the children of my Two deceased uncles," and the named uncle was the testator's nearest surviving relative on his father's side, it was testator's intent that, following the death of the life tenant, one-half of the estate would go to testator's nearest kin on his father's side without application of the doctrine of representation, and the other half would go to testator's nearest of kin on his mother's side, but the doctrine of representation would apply to the children of the two deceased maternal uncles; therefore, a person within the fifth degree of kinship on the father's side takes that portion of the estate to the exclusion of cousins on the father's side who were related to testator in the sixth degree.

APPEAL by defendants Burgess U. Whitehead, Lewis White-head, Joseph Greene Whitehead, Thomas Whitmel Griffin, Margaret Urquhart Griffin, Charles B. Griffin, Jr., Mary Bond Griffin Jackson, Burgess U. Griffin, Burgess Urquhart, Jr., Thomas M. Urquhart, Emily M. Urquhart Ayscue, Richard A. Urquhart, Jr., Kate Fenner Urquhart, William E. Urquhart, Thomas B. Slade III, Richard G. Slade and Mary Ward Slade Purvis from *Tillery, Judge.* Judgment entered 12 August 1975 in Superior Court, BERTIE County. Heard in the Court of Appeals 20 January 1976.

In this action under the Declaratory Judgment Act, plaintiff executor seeks instructions from the court " . . . as to the persons who are entitled as beneficiaries to the estate of Lewis W. Thompson, Jr., on his father's side . . . " under his last will and testament. The will in question, dated 23 April 1973, provides as follows:

"I, L W Thompson, Jr. do make this my last will:

"I want my debts and all expenses paid. Then, I give to my uncle W. C. Thompson for his life all my real estate and the income from my personal property for life. At his death, ½ of my estate shall be given to my nearest next of kin on my father's side, and the other ½ to the nearest of kin on my mother's side, and this shall include the children of my Two deceased uncles. I do hereby appoint J A Pritchett as my executor and revoke all wills I have made before."

At the time of his death on 13 May 1973, testator's nearest surviving kin on his father's side was his uncle, W. C. Thompson, the life tenant under the will. This action was instituted on 19 March 1974, and on 21 May 1974 a judgment was entered

in superior court dismissing the cause on the ground that no determination could be made with respect to the persons entitled to the remainder interests until after the death of the life tenant.

An appeal was taken to this court and, while that appeal was pending, the life tenant died on 4 October 1974. In an opinion reported in 23 N.C. App. 728, 209 S.E. 2d 823 (1974), this court, without passing on the merits of the appeal, reversed the judgment of dismissal and remanded the cause to superior court for a determination of the rights of the parties.

Thereafter, defendant Sallie Cora Eason Norfleet (Mrs. Norfleet) filed a motion for summary judgment under G.S. 1A-1, Rule 56. At the hearing on the motion, in addition to those above stated, the following undisputed pertinent facts were established by admissions in the pleadings, affidavits and other materials:

(1) Excluding W. C. Thompson, the uncle and life tenant, Mrs. Norfleet was, both at the date of testator's death and at the date of the life tenant's death, the nearest blood relative of the testator on his father's side, being related to him in the fifth degree of kinship as determined pursuant to G.S. 104A-1.

(2) Excluding W. C. Thompson and Mrs. Norfleet, the nearest blood relatives on his father's side surviving testator were a large number of cousins who were related to him in the sixth degree. This group includes the sixteen appellants.

(3) On his mother's side, testator left surviving two aunts and several children of two deceased uncles.

Following the hearing, the trial court concluded that there is no genuine issue as to any material fact and that Mrs. Norfleet is entitled to summary judgment. The court adjudged her to be the "nearest of kin on my father's side" as that term is used in the will, and that, subject to the life estate of W. C. Thompson, she was devised and bequeathed a one-half undivided interest in the entire net estate, both real and personal. The court instructed plaintiff to distribute assets of the estate accordingly.

*White, Hall, Mullen & Brumsey, by Gerald F. White, and Griffin & Martin, by Hugh M. Martin, for defendant appellants.*

*Gillam & Gillam, by M. B. Gillam, Jr., for defendant appellee.*

BRITT, Judge.

Did the court err in entering summary judgment in favor of Mrs. Norfleet? We hold that it did not.

It is obvious that W. C. Thompson was testator's nearest surviving relative on his father's side. However, the trial court properly concluded that by leaving the uncle his real and personal property for life and disposing of the remainder "at his death," testator manifested a clear intent to limit the interest received by the uncle to a life estate. This conclusion is fully supported by *Central Carolina Bank & Trust Company v. Bass*, 265 N.C. 218, 143 S.E. 2d 689 (1965), and cases therein cited.

In the case of *In re Will of Cobb*, 271 N.C. 307, 309, 156 S.E. 2d 285, 287 (1967), in an opinion by Justice (now Chief Justice) Sharp, we find: "The words *next of kin* have a well defined legal significance. Unless the terms of the instrument show a contrary intent, in the construction of deeds and wills *next of kin* means *nearest of kin*—the nearest blood relations of the person designated. Without more, the term *does not permit a representation.* (Citations.)" (Emphasis added.)

While appellants recognize the rule quoted from *Cobb*, they contend that in the will under consideration here, "the terms of the instrument show a contrary intent." They argue that the provision in the will for representation on the mother's side—children of two deceased uncles—manifests the testator's intent that there should be representation on the father's side as well. Appellants insist that they are entitled to a trial of the cause at which attendant circumstances could be shown and a jury allowed to determine the intent of the testator. We reject appellants' contentions.

The materials presented at the hearing show without question that at the time testator made his will, his nearest relative on his father's side was his uncle, W. C. Thompson; there were living no other paternal uncles or aunts or descendants of paternal uncles or aunts. However, living on his mother's side were two aunts and several children of two deceased uncles. In that setting, the intent of the will is clear; following the death of W. C. Thompson, one-half of the estate would go to the testator's nearest kin on his father's side, *whoever* that might be; and the other half would go to testator's nearest kin

on his mother's side, *but* the doctrine of representation would apply to the children of the two deceased maternal uncles.

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.