Red House Furniture Co. v. Smith

RED HOUSE FURNITURE CO. v. ANNIE SMITH

No. 8218DC945

(Filed 6 September 1983)

Sheriffs and Constables § 4.1— penalty for failure to execute writ of possession

A sheriff failed to show diligence in the execution of a writ of possession of furniture and was properly subjected to a penalty of $100.00 pursuant to G.S. 162-14 for his failure to take possession of the furniture from defendant and return it to plaintiff where the deputy sheriff who attempted execution of the writ noted on the return that defendant stated that she would work it out with plaintiff and was not going to let anyone have the furniture, and the deputy refused to enter the house forcibly to recover the furniture.

APPEAL by Paul H. Gibson, Sheriff of Guilford County, from Cecil, Judge. Judgment entered 3 August 1982 in District Court, GUILFORD County. Heard in the Court of Appeals 10 June 1983.

Plaintiff obtained a judgment against defendant declaring it to be entitled to possession of certain furniture. Pursuant to G.S. 1-313(4), the Clerk of Superior Court of Guilford County issued a writ of possession on 12 January 1982 commanding the sheriff to take possession of the furniture from defendant Annie Smith and to deliver the furniture to plaintiff.

The return on the writ indicated that the writ was received by the sheriff on 25 March 1982 and execution of the writ was attempted by Deputy Sheriff Coffer on 1 April 1982. In his return of the writ, Deputy Coffer noted that defendant "stated she did not owe much and would work it out with plaintiff rather than let me pick it up and was not going to let know (sic) one have it." He declined to forcibly enter the house to recover the furniture.

Upon motion of plaintiff, the court on 29 June 1982 entered judgment *nisi* in the sum of $100.00 against Paul H. Gibson, Sheriff of Guilford County for failing to execute and make due return upon the writ. Gibson was ordered to appear before the court and show cause why the judgment *nisi* should not become absolute.

On 3 August 1982, Gibson appeared and offered the defense that he had done all that was required of him by law in executing and returning the writ. The court ruled that the sheriff failed to take possession of the property and deliver it to the plaintiff and otherwise failed to take reasonable steps to properly execute the writ, and failed to show any defense as to why the judgment of amercement should not be made absolute. The sheriff appealed.

*Gregory L. Gorham, for Paul H. Gibson, Sheriff of Guilford County, appellant.*

*Rossie G. Gardner, for plaintiff appellee.*

JOHNSON, Judge.

Sheriff Gibson contends that the court erred in concluding that he, through his deputy, failed to take possession of the property described in the writ of possession and deliver it to the court and otherwise failed to execute the writ and that he had failed to show any defense as to why the judgment *nisi* should not be made absolute. Relying upon *State v. Whitaker,* 107 N.C. 802, 12 S.E. 456 (1890) and *State v. Armfield,* 9 N.C. 246 (1822), which hold that an officer may not break and enter a building against the consent of the owner for the purpose of making a levy on the goods of the owner, he argues that his deputy acted lawfully and reasonably in not attempting to use force to recover the property. He did all that was required of him since he had no alternative except to return the writ without having recovered the property.

G.S. 162-14 provides, in pertinent part, that a sheriff shall be subject to a penalty of forfeiting one hundred dollars ($100.00) for his failure to execute and make due return of all writs and other process to him legally issued and directed, unless he can show sufficient cause to the court at the next succeeding session after judgment *nisi* has been entered against him. The penalty is given to the party aggrieved "chiefly as a punishment to the officer,

and to stimulate him to active obedience." *Richardson v. Wicker*, 80 N.C. 172, 174 (1879). The statute imposes no undue hardship upon sheriffs. *Produce Co. v. Stanley*, 267 N.C. 608, 148 S.E. 2d 689 (1966).

Few cases involving amercement of sheriffs have been reported in this century, although amercement was a frequent occurrence in years past. *Produce Co. v. Stanley, supra.* These cases make it clear, however, that the sheriff must be diligent in both the execution and return of process or suffer the penalty. *Rollins v. Gibson*, 293 N.C. 73, 235 S.E. 2d 159 (1977). The courts have no "dispensing power" to relieve a sheriff from the penalty imposed by G.S. 162-14. *Swain v. Phelps*, 125 N.C. 43, 34 S.E. 110 (1899).

The Superior Court of New Jersey faced the issue of whether a sheriff reasonably neglected or failed to execute a writ of execution out of fear of violence in *Vitale v. Hotel California, Inc.*, 446 A. 2d 880, *aff'd*, 455 A. 2d 508 (1982). Plaintiff there obtained a judgment and the issuance of a writ of execution instructing the sheriff to levy upon all monies and personal property at a bar defendant held the liquor license for. When the sheriff, through his deputy, went to the bar to execute the writ, he was denied access by the bar's bouncers. Fearing violence might ensue, the officer left. The court held that the fear of violence was insufficient to justify not making the levy. There was nothing in the record to show any danger of imminent harm to the officer.

Similarly, there is nothing in the record here to show that the deputy was in danger of imminent harm. There is no evidence that Ms. Smith had a weapon. Had Ms. Smith produced a weapon or struck the deputy, he would have had cause to arrest her. On the facts before us, we cannot say that the deputy's actions constituted a diligent attempt to execute the writ.

Moreover, under the claim and delivery article of the General Statutes, G.S. 1-472 *et seq.*, a plaintiff in an action to recover the possession of personal property may claim the immediate delivery of the property at any time before judgment in the principal action. G.S. 1-480 specifically allows a sheriff to break or enter a building where property subject to claim or delivery is concealed. If a sheriff can forcibly enter a building to recover concealed property before a responsive pleading can be filed, we see no reason why he should not be able to do so after judgment has

been finally entered establishing the party's entitlement to the property. If citizens were allowed to avoid execution of judgments by the simple expedient of refusing entry, the judgments rendered by our courts would thereby be rendered totally ineffective.

We thus conclude that the sheriff has failed to show sufficient cause for failing to execute the writ and that the trial court's findings of fact and conclusions of law were correct. The judgment of the trial court is

Affirmed.

Judges WHICHARD and EAGLES concur.