JONES v. MARBLE CO.

(Filed December 13, 1904).

1. ATTORNEY AND CLIENT—*Privileged Communications—Evidence—Witnesses.*

> Where an attorney writes a letter to a client and sends a copy thereof to an associate attorney, such copy is a privileged communication.

2. ATTORNEY AND CLIENT—*Privileged Communications—Waiver—Witnesses.*

> Where a client makes his attorney a witness in an action by an associate counsel for attorney's fees, the client thereby waives the right to claim as a privileged communication any transaction between himself and his attorney relative to the transaction for which the fees are denied.

ACTION by W. W. Jones and others against the Nantahala Marble and Talc Company, heard by *Judge B. F. Long* and a jury, at June Term, 1904, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendant appealed.

*Merrick & Barnard* and *Locke Craig,* for the plaintiffs.
*Frank Carter* and *H. D. Chedester,* for the defendant.

MONTGOMERY, J. The plaintiffs, partners in the practice
of the law, brought this action to recover of the defendant
certain fees for professional services rendered. The defend-
ant denied that it owed the plaintiffs anything for professional
services, averring that it had paid to the plaintiffs a reasonable
compensation for the same. The only exception in the appeal
arises on a matter of evidence. One of the plaintiffs in his
own behalf testified as to the value of his services and his con-
tract of employment. The defendant introduced as a witness,
an attorney who was associated with the plaintiffs as one of
the defendant's attorneys in the suit in which the plaintiffs
alleged that they earned the fees which are the subject of this
action, for the purpose of showing that the fees and charges
claimed by the plaintiffs were excessive and exorbitant. His
testimony as to the amount involved tended to show that the
fees were excessive. On his cross-examination, the plaintiffs,
to show that the witness had on a former occasion expressed
himself otherwise than he testified as to the amount involved
in the suit in which the plaintiffs' fees were alleged to have
been earned, showed him a carbon copy of a letter which the
witness had written and sent to the president of the defendant
company on that subject, and which copy the witness had sent
to the plaintiffs. The witness identified it, and, over the ob-
jection and exception of the defendant, his Honor admitted it.
The witness for himself was willing to waive any privilege he
might be thought to have but disclaimed any right to represent
the defendant. The objection was that it was a confidential
communication between attorneys and client, and could not
be received as evidence over the objection of the client (the de-
fendant). The letter upon its face shows that the matter was
of a confidential nature between lawyer and client. It con-

tained matters directly connected with the important features of the litigation, bearing on the amount that might be recovered against the defendant, and which, if they had been known to the opposing side, might have been harmful. The matters being confidential at the time the letter was written, they remained so perpetually unless they should be afterwards waived by the client. It makes no difference that the carbon copy of the letter was sent to the plaintiffs by the witness. It was just as much a confidential communication as if it had been sent by the client to the plaintiffs. All communications, whether by conversation or in writing, between the attorneys for a party concerning the subject-matter of the litigation are privileged. 23 Am. & Eng. Ency. of Law, 57, and authorities there cited.

The question then arises, Did the defendant by introducing the witness to prove that the charges of the plaintiffs were excessive waive the privilege of secrecy and confidence? We think it did. The purpose and object of the defendant, as we have said, was to show that the plaintiffs' charges were exorbitant, and the chief method of doing that was in examining the witness as to the amount involved in the litigation. The witness, in his examination in chief, gave testimony on that head, the effect of which upon the jury was calculated to damage the plaintiffs' case. The views of the witness on that matter in the written communication to his client, the plaintiffs contended, were favorable to them and different from his opinion expressed on the witness stand. Certainly the defendant could not get the benefit of the witness' testimony to disparage the plaintiffs' claim, and then exclude the plaintiffs from the benefit of an opinion of the witness expressed at another time, and which the plaintiffs claim was favorable to them. By opening up the question of the excessive amount of the plaintiffs' services through the method of showing the small amount involved, was a waiver by the defendant of the

seal of confidence which the law imposed upon the communication between the witness and the defendant on that question.
No Error.

DOUGLAS, J., concurs in result.