Defendant was attached for contempt for willful disobedience of an order of court, in an action wherein plaintiff sought to restrain defendant from obstructing a ditch or branch, and to require him to remove obstructions wrongfully placed therein.
Plaintiff's land lies immediately above that of defendant, and it was alleged that the necessary outlet for the water naturally flowing from plaintiff's land was through a branch or ditch on defendant's land, and that defendant had placed obstructions in the branch or ditch impeding the flow and backing water on plaintiff's land to his damage. Plaintiff prayed for an order requiring defendant to remove the obstructions. Defendant answered admitting the ownership and location of the lands, but alleged plaintiff had wrongfully diverted waters, and that the acts complained of had been done to protect defendant's rights, and to prevent sand running into the ditch and filling it up.
At the September Term, 1939, of the court plaintiff and defendant entered into an agreement, at the suggestion of defendant, to submit the matter in controversy to arbitration, and the arbitrators recommended by defendant were agreed upon. This agreement was incorporated in an order of court, and signed by plaintiff and defendant. It was agreed that the report of the arbitrators should constitute a rule of the court, and that pending the decision of the arbitrators the defendant should forthwith remove all brush and similar obstructions in the ditch on defendant's land. It was further set out in the agreement "that the plaintiff and defendant agree that the report and award of said arbitrators shall be final, and agree respectively to do such act or acts as said arbitrators may in their report direct them to do."
The arbitrators agreed on, after viewing the premises and hearing the evidence offered by the parties, reported their award in writing substantially as follows: That the drain ditch or channel, which had been *Page 413 
used to drain the land of plaintiff for forty years, had been wrongfully obstructed by defendant; that the obstructions, such as logs and brush, had not been fully removed, and that said obstructions should be immediately removed and the channel or drain ditch left open in order to allow the land of plaintiff to drain properly; that defendant had not been damaged by any act of plaintiff. It was further declared as the award of the arbitrators that defendant should not only remove the obstructions in the ditch or channel, but that he should cut a proper ditch therein three feet wide and three feet deep along a portion of the channel, and that the plaintiff should cut a proper ditch of same dimensions in another portion of the channel, so as to provide a continuous drain; this to be done forthwith.
At the February Term, 1940, defendant's motion to set aside the award was denied, there being no allegation of corruption, partiality or misconduct, and no allegation that the arbitrators exceeded their powers. The court thereupon entered judgment upon the award and in accord therewith, and it was specifically ordered that defendant be restrained and enjoined from allowing the obstructions in the ditch to remain therein, and from placing obstructions therein or doing any act to interfere with the flow of the water in said ditch as same extends through his land to the creek; and it was ordered that defendant's portion of the ditch referred to in the award be cut in the old channel as directed by the arbitrators in the award. There was no exception to any part of this order and judgment, and no appeal therefrom.
At February Term, 1941, pursuant to motion supported by affidavits, after due notice, order issued that defendant show cause why he should not be attached for contempt of court for willfully failing to obey the orders of the court. Defendant appeared and the matter was duly heard upon affidavits offered by plaintiff and defendant.
Thereupon the court found the facts, setting them out in detail in chronological order, material portions of which are quoted as follows: "That the defendant failed to comply with the award of the arbitrators and the judgment of the court conforming the same in that he permitted the obstructions specified in the award to remain in the said branch and drain ditch mentioned in the complaint and award and in that he failed to open the ditch specified in the award. That the plaintiff, who performed his part of the award, served notice on the defendant on August 21, 1940, that the plaintiff who moved (would move) before the presiding Judge at the August-September 1940 Term of Alexander Superior Court that the defendant be attached as for contempt of court for his failure to remove said obstructions and open said ditch. That upon answer filed by the defendant to plaintiff's said notice and motion, a hearing was had before Hubert E. Olive, the presiding Judge, at the *Page 414 
August-September Court upon the question as to whether the defendant should be attached as for contempt. That upon said hearing the presiding Judge intimated that the defendant would be attached as for contempt, and thereupon the defendant solemnly promised, in open court, that he would comply with the award and judgment immediately after the adjournment of the court if the further prosecution of the contempt proceedings should be stayed. That upon this promise being made by the defendant, the further prosecution of the contempt proceeding was stayed. That the defendant failed to comply with the promise made by him to the court at the August-September 1940 Term of Alexander Superior Court, and did nothing whatever after the adjournment of said court towards removing the obstructions from said branch and drain ditch or towards putting the ditch in the condition specified by the arbitrators and the judgment. That upon the present hearing (Feb. Term 1941) the defendant has failed to show any good cause why he should not be attached as for contempt. That, on the contrary, it appears to the court and the court finds as facts on said hearing that the defendant has failed and refused, and still fails and refuses, to obey the aforesaid award of the arbitrators and the aforesaid judgment of the court confirming the same. That the defendant is now, and at all times herein mentioned has been, both physically and financially able to comply with said award and judgment, and his failure and refusal so to do has ever been, and still is, without just cause, excuse or justification. That, in fact and in truth, the defendant has failed and refused to comply with said award and judgment, and still fails and refuses to comply with the same, merely because he has the set and stubborn purpose and intention not to comply with the said award and judgment. That said branch and drain ditch is obstructed upon the lands of defendant and said obstructions cannot be removed and the ditching specified in said award and judgment cannot be done without entry on the lands of the defendant, and the defendant willfully fails and refuses to remove said obstructions and to do such ditching and willfully fails and refuses to permit anyone else to enter on his said lands for said purposes.
"That the failure and refusal of the defendant to comply with the award and judgment aforesaid has ever been, and still is, willful. That the entry of this order is necessary to enable the court to enforce the award and judgment.
"That during the progress of the hearing upon the order to show cause before the undersigned judge, it was suggested to the court by the defendant that the expense of compliance with the orders of arbitration and of the court herein would be exorbitant, and thereupon the court inquired of counsel for the plaintiff as to what would be the probable cost of compliance on the part of the defendant with the order of the *Page 415 
court, and the court was advised in open court in the presence of defendant, that the probable cost of compliance with the order of the court on the part of the defendant would be less than the sum of $50.00, and the court thereupon suggested to the defendant in open court in the said hearing that the defendant should deposit the sum of $50.00 with the Clerk of this court and permit the said Clerk of the court to expend so much of the said sum as might be necessary for the payment for said labor necessary to carrying out the orders of the court herein. The defendant thereupon stated to the court that he would not accept the said suggestion of the court. The court therefore finds from the record and from the conduct of the parties in the presence of the court that the cost of compliance with the orders and report of the arbitrators and the cost of compliance with the order of the court herein would be comparatively insignificant."
There was no exception to any of the findings of fact.
Upon these findings of fact it was concluded that the defendant had willfully failed and refused to obey the order and judgment of the court; that by reason of the matters recited in the findings of fact the defendant has been, and still is, guilty of a willful contempt of the court, and that this order herein made is necessary for the enforcement of the judgment of the court confirming the award of the arbitrators.
It was thereupon adjudged that the defendant be committed to jail until he should comply with the judgment of the court confirming the award of the arbitrators and perform the acts therein directed.
Defendant "excepted to the foregoing order," adjudging him in contempt, and appealed to the Supreme Court.
The ruling of the court below in adjudging the defendant in contempt of court for willful disobedience to an order lawfully issued by the court was based upon comprehensive findings of fact to which there was no exception. These findings were supported by the evidence and are sufficient to sustain the judgment. The order, for violation of which the contempt proceedings were instituted, was entered without objection, in an action in which the court had jurisdiction both of the parties and of the subject matter. The defendant was a party to the action and was present with counsel when the order was made and at all times when the recited proceedings were had. The order was not void and was entitled to respect. If in any particular erroneous, defendant's remedy was by appeal. Nobles v. Roberson,212 N.C. 334, 193 S.E. 420. *Page 416 
It having been properly determined, without objection, and in the manner to which defendant had given his written assent, and by the arbitrators he had selected, that the defendant had wrongfully placed on his own land obstructions in the ditch or branch by which the upper or dominant landowner had a right to drain his land, and it having been found by the court that he has refused to remove the obstructions or to permit entry on his land for that purpose, the court had power to restrain the wrongful acts and to issue mandatory injunction to compel the defendant to restore the drainway to its former condition by removal of the obstructions. Keysv. Alligood, 178 N.C. 16, 100 S.E. 113; Woolen Mills v. Land Co.,183 N.C. 511, 112 S.E. 24.
The power of the court to compel obedience to its orders lawfully issued is essential to the exercise of jurisdiction and the maintenance of its authority. Cromartie v. Commissioners, 85 N.C. 211. It was well said inPain v. Pain, 80 N.C. 322: "Without the ability to compel obedience to its mandates — whether the order be to surrender writings in possession of a party, to execute deeds of conveyance, . . . or to perform any other act the court is competent to require to be done — many of its most important and useful functions would be paralyzed."
The provisions of C. S., 5279, relating to party ditches constructed by agreement, are inapplicable upon the facts found. It appears from the court's findings that the defendant may relieve himself of the unpleasant consequences of his willful failure to obey the order of the court by means readily available to him.
The judgment is
Affirmed.