ERNIE R. MASSENGILL AND D. H. WEBB v. ALICE R. LEE.

(Filed 8 October, 1947.)

**1. Injunctions § 4f—**

Where an action to try title is pending, a judge of the Superior Court has judicial power to issue an order restraining a party to the action from further action or proceeding to obtain possession against a tenant of the adverse party. G. S., 1-493.

**2. Sheriffs § 6a—**

Execution of a judgment against defendant in summary ejectment to remove her from the land was issued and delivered to the sheriff. The sheriff failed to serve the execution because of an intervening order restraining the plaintiff from further prosecuting the summary ejectment, issued in a prior pending action to try title. *Held:* Motion to amerce the sheriff for failure to serve the execution was properly denied, since the sheriff had shown sufficient cause for failing to serve the execution. G. S., 162-14.

**3. Injunctions § 12—**

Where a temporary restraining order is issued by a judge having judicial power to issue the order, the remedy, if the order is erroneous, is by motion to dissolve or by appeal, and not by defiance.

APPEAL by plaintiff Massengill from *Harris, J.,* at April Term, 1947, of JOHNSTON. Affirmed.

This was a motion to amerce the Sheriff of Johnston County for failure to serve an execution issued from the court of a Justice of the Peace. From denial of the motion by the Justice of the Peace, plaintiff Massengill appealed to the Superior Court. In the Superior Court the Presiding Judge, on the facts found, denied the motion for judgment for the prescribed penalty, and the plaintiff Massengill appealed to the Supreme Court.

*Leon G. Stevens for plaintiff Massengill.*

*Hooks & Mitchiner and Wellons, Martin & Wellons for C. L. Denning, Sheriff.*

DEVIN, J.  The findings of fact made by Judge Harris were based upon the record and the evidence offered, and we think are sufficient to support the order denying appellant's motion for judgment absolute against the Sheriff for the penalty prescribed by G. S., 162-14.

The pertinent facts were these: 10 December, 1945, the plaintiffs instituted summary ejectment proceedings in the court of a justice of the peace against defendant Alice R. Lee to remove her from a 20-acre tract of land.  Judgment was rendered in favor of plaintiff Massengill for the possession of the land 18 December, 1945.  Alice R. Lee gave notice of appeal but was unable to give the required $500 bond.  At this time there was pending in the Superior Court of Johnston County a civil action entitled "Joseph R. Moore and others, *vs.* Ernie R. Massengill and D. H. Webb and others."  This was an action to try the title to the described 20-acre tract of land upon allegation of title thereto in Moore and want of any title in Massengill and Webb.  18 December, 1945, on affidavit of Moore that defendant Alice R. Lee was in possession of the land with permission of Moore, and that Massengill and Webb were wrongfully attempting to gain possession of the land before the rights of the parties could be determined, Judge Harris issued a temporary restraining order restraining Ernie R. Massengill and D. H. Webb and their attorneys and agents from any other action or proceeding in attempting to take possession of said land or remove any person therefrom until the further order of the court.  This restraining order was delivered to the Sheriff of Johnston County and by him personally served on the plaintiff Massengill, 21 December, 1945.  22 December, 1945, the plaintiff Massengill applied to the Justice of the Peace for execution against defendant Alice R. Lee to remove her from the land.  This execution was issued and delivered to the Sheriff, who, knowing of the issuance of the restraining order, sought the advice of Judge Harris and was advised by him that service of the execution would be in violation of the restraining order.  The Sheriff thereupon made return of the execution as not served on account of the restraining order of Judge Harris.  Subsequently Alice R. Lee moved off the land and the restraining order was dissolved without prejudice.  Nearly a year later, on 6 December, 1946, plaintiff Massengill made motion in the Justice's Court for amercement of the Sheriff for failure to serve the execution.  This motion was denied by the Justice and on movent's appeal therefrom to the Superior Court, the Judge Presiding, Judge Harris, found the facts substantially as above set out and adjudged that the motion for judgment absolute against the Sheriff for the penalty prescribed by the statute be denied.

Plaintiff appellant based his motion for judgment against the Sheriff upon the view that Judge Harris was not holding court in Johnston County at the time of issuing the restraining order, and that the restrain-

ing order issued by him was void as attempting to restrain the action of a different court in a different action, citing *Childs v. Martin,* 69 N. C., 126. But the restraining order here was issued from the Superior Court by a judge thereof against Massengill and Webb who were parties to the action in which it was issued, and in respect to the subject matter of that action, to preserve the *status quo.* Whether the restraining order was properly issued or not, it could not be ignored by plaintiff Massengill. Judge Harris, on proper showing and in accordance with the statutes, had the judicial power to issue the restraining order (G. S., 1-493; *Hamilton v. Icard,* 112 N. C., 589, 17 S. E., 519), but if the order was erroneously issued, the remedy was by motion to dissolve, or appeal, or by action on the injunction bond, and not by open defiance. *Nobles v. Roberson,* 212 N. C., 334, 193 S. E., 420. The Sheriff, having knowledge of the terms of the order, had "sufficient cause" (G. S., 162-14), as held by the court below, to decline to serve an execution procured by the plaintiff in violation of the order restraining him from doing what he was thereby attempting to do.

The ruling of Judge Harris in denying the motion to amerce the Sheriff must be

Affirmed.