KIMBERLY-CLARK CORPORATION, Respondent-Appellant, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Appellants-Respondents. — Memorandum: The claim of the necessity of protection because of trade secrecy is not established in the record. If there is any such trade secrecy, the protection would not survive the proof that will be required at the trial as to damages, whether these amounts be sought because of damage or injury to the machine mountings or to the disassembling and reassembling of the machines because of the damaged mountings. Furthermore, any proof of interference with operation of any kind would probably destroy any claim of trade secrecy. A full examination of the paper machines and their operations, in addition to what has already been had, may now be had. As to income tax returns, they may or may not become pertinent and necessary to the defense. If the defendants can establish necessity as the discovery progresses, they may reapply to the court for this permission, and the denial at this time will not harm them. We might observe that some of the examinations and information requested by the defendants, to which the plaintiff strenuously objects, have already been had. The demand relating to claims made by plaintiff against its own insurance carrier is very broad and general. It requests " All correspondence, memoranda and other documents relating to any and all claims made by the plaintiff against its own insurance carriers for loss or damage to structures or machinery ". It is difficult to comprehend just what may be contained in the plaintiff's file or the subject and extent of the correspondence, memoranda and other documents. Some may be pertinent; some may not. The divulgence of some may be unnecessary and without benefit to the defendants. This item should be denied without prejudice to defendants to endeavor to ascertain just what in plaintiff's file might be helpful to them and, thereafter, to serve a more specific demand comprehending the pertinent and useful data. (Appeals from certain parts of order of Erie Special Term, determining motions for discovery

and inspection and for a protective order.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.