■ FRANK D. MILONE, Respondent, v GENERAL MOTORS CORPORATION, Appellant, and TRAVELERS INSURANCE COMPANY, Respondent. — Order modified and, as modified, affirmed, without costs, in accordance with the following Memorandum: General Motors Corporation, defendant in this products liability action to recover for personal injuries sustained in an automobile accident which occurred on February 25, 1974, seeks the production of the claim file of the Travelers Insurance Company, plaintiff's insurer. Travelers defended plaintiff and settled negligence actions against him resulting from the same automobile accident. Additionally, plaintiff made a claim against Travelers for no-fault benefits, submitted medical reports and gave testimony in the course of no-fault arbitration. In its moving papers General Motors claims that the transcripts of testimony given by plaintiff at the arbitration hearings, the medical reports and "related materials" are material and necessary to its defense of the products liability action. Special Term denied defendant's motion for an order directing discovery by oral examination and disclosure of the claim file. It accorded the conditional immunity of CPLR 3101 (subd [d], par 2) to these items as "[m]aterial prepared for litigation" because the negligence and the products liability litigation arose out of the same incident. We disagree. It is clear that this material was not prepared by Travelers in the defense and settlement of claims made against the insurance which required Travelers to represent and defend plaintiff (cf. *Kandel v Tocher,* 22 AD2d 513). Nor was the material prepared in connection with any interest which may exist between Travelers and plaintiff in the products liability case. The transcripts of plaintiff's testimony at arbitration (Insurance Law, § 675) and the medical reports in question resulted from the adversarial nature of the relationship then existing between Travelers and plaintiff, and were the product of plaintiff's no-fault claim. They were not created by Travelers

because of plaintiff's liability at law for damages arising from the operation of an automobile, or any duty imposed on Travelers under the liability policy, or in connection with the defense and settlements of claims against plaintiff. These items are material and relevant and are discoverable (see *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403) and may not be claimed to be immune from disclosure in this case which, although it is related to the prior litigation is based on a discrete claim. "Except where the pending litigation arose from the prior case * * * material prepared for related litigation is treated as if it is not prepared for the case at bar" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.51; see *Firemen's Ins. Co. of Newark, N.J. v Gray*, 41 AD2d 863, 864). The demand for "related materials" in the insurance file, however, is so lacking in specificity that Special Term properly denied defendant's motion therefor (see *Kimberly-Clark Corp. v Power Auth. of State of N.Y.*, 28 AD2d 820). All concur, except Callahan, J., who dissents and votes to affirm the order. (Appeal from order of Erie Supreme Court, Denman, J. — disclosure.) Present — Dillon, P.J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.