EDITH E. MIDGETT AND HUSBAND, CARL M. MIDGETT v. CRYSTAL DAWN CORPORATION

No. 811SC766

(Filed 7 September 1982)

**Rules of Civil Procedure § 37— sanctions for failure to comply with discovery order — proper**

In an action instituted to remove cloud on title to land where a trial judge ordered defendant to produce three contracts, and defendant, in response, pro-

duced two of the three documents but deleted extensive portions from the two which it produced, the trial court did not abuse its discretion in finding that defendant had willfully and without justification or excuse failed to comply with the previous judge's order compelling discovery, and the court did not err in imposing appropriate sanctions against the defendant and its counsel pursuant to Rule 37. Nor did the court abuse its discretion by ordering production of documents prepared by defendant's counsel in anticipation of the action without first conducting an *in camera* inspection of the documents since it failed to appeal from the initial order to produce, and since the defendant could not unilaterally determine that the documents were privileged.

APPEAL by defendant from *Preston, Judge.* Order filed 24 March 1981 in Superior Court, DARE County. Heard in the Court of Appeals 30 March 1982.

Defendant appeals from an order decreeing the appropriateness of imposition of sanctions on account of defendant's failure to comply with a discovery order. We affirm.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr., and McCown & McCown, by Wallace H. McCown, for plaintiff appellees.*

*Shearin, Gaw & Archbell, by Norman W. Shearin, Jr., and Roy A. Archbell, Jr., for defendant appellant.*

WHICHARD, Judge.

Plaintiffs seek by this action to remove a cloud on the title to land which they allegedly own, and to restrain defendant from trespassing thereon. Defendant denies plaintiff's material allegations; alleges title in the land by adverse possession; and counterclaims, in the event plaintiffs are adjudged the sole owners, for the value of improvements to the land which it allegedly made in good faith under color of title.

Through discovery plaintiffs ascertained the existence of certain contracts between defendant and the corporation through which it claims ownership. Upon defendant's failure to produce these documents in response to plaintiff's request therefor pursuant to G.S. 1A-1, Rule 34, plaintiffs moved, pursuant to G.S. 1A-1, Rule 37, for an order compelling production. Judge Bruce reviewed affidavits and depositions, heard arguments, and ordered defendant to produce a true copy of three requested documents. Defendant, in response, produced two of the three

documents. It deleted therefrom, however, extensive portions which its counsel, by letter of transmittal, opined to be protected from, or improper subjects of, discovery. G.S. 1A-1, Rule 26. It asserted inability to locate the third document.

Plaintiffs thereupon moved for imposition of sanctions pursuant to G.S. 1A-1, Rule 37; and defendant responded that the deleted portions were the work product of its attorney, prepared in anticipation of this litigation, and were thus immune from discovery. Judge Preston found, however, that defendant had wilfully and without justification or excuse failed to comply with Judge Bruce's order, in that the two documents produced were not "true copies" on account of the extensive deletions, and the third document was not produced at all. He decreed that "it is in order for the court to impose appropriate sanctions against the defendant and its counsel pursuant to Rule 37 . . . , but the imposition of such sanctions is withheld pending appeal . . . ." From this order, defendant appeals.

The briefs present a threshold question of appealability. Pursuant to the rationale set forth in *Willis v. Power Co.*, 291 N.C. 19, 229 S.E. 2d 191 (1976), we find the order immediately appealable. *See id.* at 27-30, 229 S.E. 2d at 196-98.

Defendant contends the court abused its discretion by ordering production of documents prepared by its counsel in anticipation of this action without first conducting an *in camera* inspection of the documents. Whether to conduct an *in camera* inspection of documents appears, as a general rule, to rest in the sound discretion of the trial court. *See Kerr v. United States District Court*, 426 U.S. 394, 405-06, 48 L.Ed. 2d 725, 734, 96 S.Ct. 2119, 2125 (1976); *Willis, supra*, 291 N.C. at 36, 229 S.E. 2d at 201 ("the trial judge may require *in camera* inspection and may allow discovery of only parts of some documents"). *Cf. State v. Hardy*, 293 N.C. 105, 127-28, 235 S.E. 2d 828, 842 (1977) (justice requires *in camera* inspection "when a specific request is made at trial for disclosure of evidence in the State's possession that is obviously relevant, competent and not privileged").

In determining whether failure to conduct such an inspection here constituted an abuse of discretion, the following is pertinent:

Defendant did not appeal from the initial order to produce. Absent a stay by virtue of appeal, defendant could not justifiably

disobey the order. When a party wilfully disobeys an order entered with personal and subject matter jurisdiction, a judgment of contempt (a permissible Rule 37 sanction) is appropriate even if the order was erroneously issued. *Elder v. Barnes*, 219 N.C. 411, 415, 14 S.E. 2d 249, 251 (1941); *Godsey v. Poe*, 36 N.C. App. 682, 685, 245 S.E. 2d 522, 524 (1978). *Cf. Massengill v. Lee*, 228 N.C. 35, 37, 44 S.E. 2d 356, 358 (1947). Such an order is "not void and [is] entitled to respect," *Barnes*, 219 N.C. at 415, 14 S.E. 2d at 251, and the proper remedy for any error therein is "not by open defiance," but by appeal, *Massengill*, 228 N.C. at 37, 44 S.E. 2d at 358. Further, "[i]t is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E. 2d 479, 480, *disc. review denied*, 293 N.C. 589, 239 S.E. 2d 264 (1977). *See also Stanback v. Stanback*, 287 N.C. 448, 459, 215 S.E. 2d 30, 38 (1975).

Having failed to appeal from the initial order to produce, defendant undertook its own determination of what it would produce and what it would withhold as privileged. Unilateral determination by a party that documents are privileged, and on that account may be withheld from discovery in defiance of a court order to produce them, "rests the matter upon the *ipse dixit* of each defendant and not upon the judgment of the court." *Stone v. Martin*, 56 N.C. App. 473, 477, 289 S.E. 2d 898, 901, *disc. review denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982), *quoting from Allred v. Graves*, 261 N.C. 31, 39, 134 S.E. 2d 186, 193 (1964). Determination of whether a privilege applies must be by the court, not the individual claiming the privilege. *Stone*, 56 N.C. App. at 476, 289 S.E. 2d at 901. *See also* 1 *Stansbury's North Carolina Evidence*, § 62, p. 199 (Brandis Rev. 1973) ("Determination of whether a claim of the privilege is proper is for the court, not the attorney, and the court may conduct a preliminary inquiry into its propriety.").

The record here contains no indication that the documents in question were at any time tendered to the trial court for its determination of whether all or parts thereof were privileged. Nor does it present those documents for our review. Under this state of the record we are unable to find an abuse of discretion in the order appealed from.

Defendant also contends the court abused its discretion in decreeing imposition of sanctions to be appropriate for failure to produce the document which it asserts it has been unable to locate. The record contains no evidence regarding defendant's inability to locate this document, but only the bare assertion thereof in its unverified response to the motion for imposition of sanctions. Under this state of the record, we can find no abuse of discretion in the order as it relates to this document. Further, the failure to produce the other documents would, in any event, suffice to sustain the order.

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.

Judge MARTIN (Harry C.) concurred in this opinion prior to his resignation from this Court on 3 August 1982 to assume the position of Associate Justice of the Supreme Court of North Carolina.