INDUSTROTECH CONSTRUCTORS, INC. v. DUKE UNIVERSITY AND TURNER
CONSTRUCTION COMPANY

No. 8214SC1198

(Filed 17 April 1984)

**Arbitration and Award § 1; Evidence § 13— order directing defendant to produce transcripts of arbitration proceeding involving defendant and another prime contractor—no error**

In an action filed by plaintiff prime contractor against Duke University for damages arising from a construction contract, the trial court did not err in ordering defendant, under certain protective restrictions, to produce tran-

scripts of an arbitration proceeding involving defendant and another prime contractor on the same job where nothing in the North Carolina statutes governing arbitration requires strict confidentiality, G.S. 1-567.1 *et seq.*, and where defendant admits that in at least one instance it had already disclosed the transcripts to a non-party. Further, defendant failed to meet the burden of proving that the materials ordered to be disclosed were prepared in anticipation of litigation and are therefore privileged.

Judge JOHNSON concurs in the result.

APPEAL by defendant Duke University from *Lee, Judge.* Order entered 30 July 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 30 September 1983.

*Manning, Fulton & Skinner, by Howard E. Manning and John B. McMillan; Mitchener, Swindle, Whitaker, Pratt & Mercer, Fort Worth, Texas, by Daniel J. Davis; and Gardere & Wynne, Dallas, Texas, by Joe Harrison, for plaintiff appellee.*

*Powe, Porter and Alphin, by Charles R. Holton and Laura B. Luger, for defendant appellant Duke University.*

PHILLIPS, Judge.

Plaintiff was one of numerous prime contractors who worked on the new Duke University Medical Center. It filed an action against Duke University for damages arising from various breaches of their construction contract. The sole issue presented by this appeal concerns the propriety of an order directing defendant, under certain protective restrictions, to produce transcripts of an arbitration proceeding involving defendant and another prime contractor on the same job.

We must first address the appealability of the order. Orders allowing or denying discovery are interlocutory and not ordinarily appealable. *Dworsky v. Travelers Insurance Co.,* 49 N.C. App. 446, 271 S.E. 2d 522 (1980). There is substantial authority allowing appeals from orders imposing sanctions for failure to comply with orders compelling production of discovery material. *See Willis v. Duke Power Co.,* 291 N.C. 19, 229 S.E. 2d 191 (1976); *Midgett v. Crystal Dawn Corp.,* 58 N.C. App. 734, 294 S.E. 2d 386 (1982). However, we find no authority for allowing direct appeal from the production orders themselves. Nevertheless, since an important legal question is involved, we have elected in our discretion to treat the purported appeal as a petition for writ of certiorari and

proceed to address the merits. G.S. 7A-32(c); Rule 21(a), N.C. Rules of Appellate Procedure; *Ziglar v. E. I. DuPont De Nemours & Co.*, 53 N.C. App. 147, 280 S.E. 2d 510, *rev. denied,* 304 N.C. 393, 285 S.E. 2d 838 (1981).

Defendant appellant first argues that the parties to the arbitration stipulated that the proceedings would remain confidential; but no such stipulation appears in the record. The appellant has the duty of ensuring that the record is properly made up and includes all matters necessary for decision. Rule 9(a), N.C. Rules of Appellate Procedure; *Mooneyham v. Mooneyham,* 249 N.C. 641, 107 S.E. 2d 66 (1959). The stipulation does not constitute a matter of which we may take judicial notice. *See West v. G. D. Reddick, Inc.,* 302 N.C. 201, 274 S.E. 2d 221 (1981). Therefore, this argument must fail.

Even absent evidence of a stipulation of confidentiality, argues defendant, the strong public policy in favor of arbitration requires confidentiality. Defendant contends that the order appealed from, by tending to expose normally relaxed arbitration proceedings to public scrutiny, will cause parties to such proceedings to become circumspect and overly litigious and thus chill the informal process. Defendant cites no case law for this proposition. We note that the Construction Industry Arbitration Rules, under which the subject arbitration took place, provide that attendance of non-parties at the hearings lies within the discretion of the arbitrator, not the parties. Furthermore, the arbitrator *must* release, upon application of *one* party, copies of all documents in the arbitrator's possession which "may be required in judicial proceedings relating to the arbitration." These provisions suggest a somewhat diminished expectation of confidentiality. Nothing in the North Carolina statutes governing arbitration requires strict confidentiality. *See* G.S. 1-567.1 *et seq.* In at least one New York case, transcripts of arbitration have been held discoverable, without mention of the policy of confidentiality. *Milone v. General Motors Corp.,* 84 A.D. 2d 921, 446 N.Y.S. 2d 650 (1981). Thus the law and the contract do not appear to bar disclosure.

In addition, defendant admits that in at least one instance it has already disclosed the transcripts to a non-party. It is well established in this state that even absolutely privileged matter may be inquired into where the privilege has been waived by disclosure. *See State v. Murvin,* 304 N.C. 523, 284 S.E. 2d 289 (1981)

[attorney-client privilege waived as to affidavit where two others present during execution]; *State v. Tate*, 294 N.C. 189, 239 S.E. 2d 829 (1978) [attorney's testimony as to what letter did *not* contain waived privilege as to contents of letter]; *Jones v. Marble Co.*, 137 N.C. 237, 49 S.E. 94 (1904) [attorney's opinion testimony as to contents of letter waived privilege]; *United States v. Glaxo Group, Ltd.*, 302 F. Supp. 1 (D.D.C. 1969) [disclosure to non-party waived privilege objection to discovery request; party requesting discovery not required to seek information from non-party]. In the circumstances of the case, then, we must conclude that confidentiality does not require reversal of the court's order.

Defendant contends that the arbitration transcripts are materials "prepared in anticipation of litigation" under Rule 26(b)(3) of the N.C. Rules of Civil Procedure. And defendant further contends that good cause was not shown. Before examining the question of cause, however, we must determine the correctness of defendant's assertion that the transcripts were "prepared in anticipation of litigation." The protective order entered by the court, and defendant's own application for stay, recite only the "compelling" nature of the confidentiality considerations discussed. The record contains no indication and defendant advances nothing but conclusory statements as to what, if any, litigation the transcripts were prepared in anticipation of. In fact, this argument, taken at face value, confounds the traditional notion that the law favors arbitration as a means of *avoiding* litigation.

Privilege, of course, is determined by the court, not by the party asserting it. *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 294 S.E. 2d 386 (1982). The matter cannot rest upon the *ipse dixit* of the defendant. *Id.*; *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). Thus, the burden of establishing, at least as a preliminary matter, that the materials were prepared in anticipation of litigation and are therefore privileged was on the defendant. *Heathman v. United States Dist. Court for the Cent. Dist. of Cal.*, 503 F. 2d 1032 (9th Cir. 1974); 23 Am. Jur. 2d Depositions and Discovery § 29 (1983); 27 C.J.S. Discovery § 35 at 118 (1959). This burden has not been met, as the record contains no basis for the privilege that defendant claims.

Finally, defendant argues that plaintiff should not be permitted to see the transcripts because they are "peppered" with the

opinions, legal theories, and other work product of its attorneys. But this problem was solved by the court permitting defendant to excise such portions of the transcript, with plaintiff bearing the costs. The terms of the order indicate the court's concern for defendant's rights and appear to guarantee defendant such protection as it is entitled to. Nor are the terms unduly burdensome. In both *Spivey v. Zant,* 683 F. 2d 881 (5th Cir. 1982) and *Resident Advisory Board v. Rizzo,* 97 F.R.D. 749 (E.D. Pa. 1983), it was held that excising work product portions of otherwise discoverable papers is a proper means of complying with Rule 26(b)(3).

The order entered not having been shown to be erroneous, it must be and is affirmed.

Affirmed.

Judge BRASWELL concurs.

Judge JOHNSON concurs in result.