**A.T., Plaintiff–Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.**

**No. 97CA2020.**

Colorado Court of Appeals, Div. IV.

May 27, 1999.

Certiorari Denied Nov. 29, 1999.

Sears & Swanson, P.C., Victoria C. Swanson, Colorado Springs, Colorado, for Plaintiff–Appellant.

Seaman and Giometti, P.C., Gregory R. Giometti, Thomas J. Seaman, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, A.T., appeals the summary judgment entered in favor of defendant, State Farm Automobile Insurance Company, and the court's denial of her motion to amend her complaint. We affirm.

Plaintiff, a self-employed chiropractor, sustained injuries in an auto accident. She filed three separate actions against State Farm, her insurer. Plaintiff's claim for uninsured motorist benefits was submitted to arbitration and an award was entered in her favor. The other two suits involved claims for personal injury protection and they were dismissed.

In the course of pursuing her claims, plaintiff provided medical records regarding her mental and psychological history and treatment. These records disclosed that plaintiff had been diagnosed with a psychological disorder.

Thereafter, plaintiff testified as an expert medical witness in litigation between one of her chiropractic patients and State Farm. State Farm's attorney cross-examined plaintiff, during her *voir dire* examination, about her psychological history and treatment, including the psychological disorder diagnosis.

Plaintiff asserted that the use of her medical history by State Farm was not authorized and brought this action against State Farm based on disclosure of confidential information. Her amended complaint includes five causes of action: extreme and outrageous conduct, intentional interference with a contractual relationship, bad faith breach of contract, breach of fiduciary duty, negligence, and breach of a confidential relationship.

Plaintiff then moved to amend her complaint to include the claim of invasion of privacy. State Farm moved for summary judgment and plaintiff filed a cross-motion for summary judgment. After a hearing on these motions, the trial court granted summary judgment in favor of State Farm, and denied plaintiff's motion to amend her complaint.

I.

■ The threshold issue is whether the trial court erred, as a matter of law, by determining that plaintiff's medical information disclosed during the uninsured motorist benefits arbitration was not confidential. Plaintiff argues that the arbitration proceeding was private and that the disclosed information is confidential. We disagree.

Because the facts of the case are undisputed and the court disposed of defendant's other arguments, the determinative legal issue for the trial court was whether the information disclosed in the arbitration proceeding was confidential.

The court found that the parties had not entered into a confidentiality agreement or disclosure-restriction provision regarding the arbitration. No protective order was sought by plaintiff or obtained from the arbitrators or the court. The court found that this arbitration was not conducted under the rules of the American Arbitration Association, which would have provided confidentiality, but rather, under the Uniform Arbitration Act of 1975, § 13–22–201, et seq., C.R.S.1998, which is silent on confidentiality.

The court concluded that because the arbitration statute provides that an arbitration award can be filed, enforced, and challenged in court, an arbitration record may become an open public record. Therefore, because the plaintiff did not obtain a confidentiality or protective order or agreement, the record was available for use by State Farm in later, separate litigation.

Because the trial court's factual findings are undisputed and we agree with its conclusions of law, we conclude that the summary judgment was proper. *See Walcott v. Total Petroleum, Inc.,* 964 P.2d 609 (Colo.App. 1998).

■ There is a presumption that the public has access to court records. *Anderson v. Home Insurance Co.,* 924 P.2d 1123 (Colo. App.1996).

Because an arbitration record is potentially public in nature and plaintiff failed proactively to preserve it as confidential, we agree with the trial court's conclusion that the plaintiff's medical information disclosed in the arbitration proceeding was not confidential.

We also agree with the trial court's qualification that its conclusion does not render the entire arbitration akin to a public record available to anyone for any purpose. We hold only that the arbitration record, under the facts here, was available to defendant to use in another unrelated case in which plaintiff was involved.

Accordingly, because all of the plaintiff's claims in her first amended complaint essentially depend on the disclosed information being confidential, the trial court was correct in concluding that all such claims fail.

## II.

■ Plaintiff also contends that the trial court committed reversible error by denying her motion to amend her complaint to include the claim of invasion of privacy. Again, we disagree.

The plaintiff's claim of invasion of privacy relies on *Robert C. Ozer, P.C. v. Borquez,* 940 P.2d 371 (Colo.1997), which concluded that invasion of privacy based on the unreasonable publication of one's private life is a cognizable tort. However, an element of that tort is that the published information is private. *See Ozer v. Borquez, supra.*

The trial court concluded, on undisputed evidence, that the information was disclosed in an arbitration that was not made private or confidential. Therefore, the plaintiff waived, at least as to State Farm's use, the confidentiality that might otherwise attach to that information. The trial court therefore concluded that the claim of invasion of privacy would necessarily fail.

We agree with the trial court's conclusion that because the disclosed information was no longer private, plaintiff's claim of invasion of privacy would fail. Thus, the court's refusal to permit amendment of the complaint to include such claim was not erroneous.

The judgment and order are affirmed.

Judge RULAND concurs.

Judge ROTHENBERG concurs in part and dissents in part.

Judge ROTHENBERG concurring in part and dissenting in part.

Insofar as plaintiff's allegations were based on the disclosure of confidential information, I agree with the majority that summary judgment was properly entered in favor of State Farm Insurance Company. However, I would reverse the trial court's order denying plaintiff leave to file her amended complaint, which asserted a claim of invasion of privacy.

Motions to amend should be freely granted. *See* C.R.C.P. 15; *Passe v. Mitchell,* 161 Colo. 501, 423 P.2d 17 (1967). Further, here, the plaintiff's motion to amend to add a new cause of action was based on the supreme court's then recent holding in *Robert C. Ozer, P.C. v. Borquez,* 940 P.2d 371 (Colo.1997).

In *Borquez,* the court joined the majority of jurisdictions that have recognized a tort claim for invasion of privacy in the nature of unreasonable publicity given to one's private life. The court held that the following elements must be proved in order to prevail on such a claim: (1) the fact or facts disclosed must be *private* in nature; (2) the disclosure must be made to the public; (3) the disclosure must be one which would be highly offensive to a reasonable person; (4) the fact or facts disclosed cannot be of legitimate concern to the public; and (5) the defendant acted with reckless disregard of the private nature of the fact or facts disclosed.

Importantly, *Borquez* did not require that the fact or facts disclosed by defendant be

confidential, only that they be private in nature. The difference is significant.

Generally, confidential communications are those made under such circumstances that the law regards them as privileged, or under circumstances where one party is duty bound to act with the utmost good faith for the benefit of the other party. *See* § 13–90–107, C.R.S.1998 (describing particular relations "in which it is the policy of the law to encourage confidence and to preserve it inviolate...."); *Colorado State Board of Accountancy v. Raisch,* 960 P.2d 102 (Colo.1998) (accountant-client privilege prevented Colorado State Board of Accountancy from obtaining confidential accountant-client communications); *People v. Agado,* 964 P.2d 565 (Colo.App.1998)(rejecting claim of common law privilege based upon confidential nature of specific communications between parent and child).

The requirement that information be "private in nature" is considerably broader and may include, as alleged here, the disclosure of facts relating to an embarrassing mental condition. In fact, the supreme court acknowledged this specific circumstance in *Robert C. Ozer, P.C. v. Borquez, supra,* 940 P.2d at 377, when it stated that:

> [f]acts related to an individual's sexual relations, or unpleasant or disgraceful illnesses, are considered private in nature and the disclosure of such facts constitutes an invasion of the individual's right of privacy.

Hence, one's disclosure of facts relating to sexual matters or unpleasant illnesses may not constitute a breach of confidentiality, but if such disclosure is attended by the above-named circumstances, it may nevertheless constitute an invasion of the plaintiff's privacy. *See Robert C. Ozer, P.C. v. Borquez, supra.*

In denying plaintiff's motion to amend, the trial court emphasized the fact that the information relating to plaintiff's mental condition was no longer confidential. The court stated that:

> I think the amendment would be futile because one, the first element [under *Borquez* ] is the invasion of privacy. Second,

cited by *Borquez,* based on publication of one's private life, is that the *information has to be confidential.* And here, *since the information was disclosed in an arbitration that was not made private or confidential,* [plaintiff] waived, at least as to State Farm's use, the *confidentiality* that might otherwise attach to that information. So I think on that basis alone the invasion of privacy claim could not stand....

> . . . .

> I don't need to reach [the other] issues, since I believe the *confidentiality was waived* by virtue of the arbitration hearing. (emphasis added)

The trial court erred by treating confidentiality and privacy as synonymous and then concluding that plaintiff's amended complaint would be futile because she had waived her right to or interest in confidentiality. Plaintiff's amended claim for invasion of privacy under *Borquez* did not require a showing of confidentiality.

Further, State Farm wore two hats in this case. When plaintiff challenged State Farm in the arbitration proceeding over the amount of PIP benefits due, its relationship with plaintiff admittedly became adversarial. Nevertheless, as plaintiff's insurer and PIP carrier, it also owed her a quasi-fiduciary duty. *See Farmers Group, Inc. v. Trimble,* 691 P.2d 1138, 1141 (Colo.1984) ("[S]tandard of conduct on the part of the insurer when dealing with claims arising under an insurance policy is shaped by, and must reflect, the quasi-fiduciary relationship that exists between the insurer and the insured by virtue of the insurance contract"); *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985)(recognizing special relationship between insurer and its insured). *Cf. Peterman v. State Farm Mutual Automobile Insurance Co.,* 961 P.2d 487, 494 (Colo. 1998)("[T]he insurer becomes almost adversary to its own insured in the context of uninsured motorist coverage, but the conflict does not vitiate the underlying contractual and quasi-fiduciary duty that the insurer owes its insured."). *See also* Werner, *Bad Faith Claims and the PIP Statute: View of Plaintiff's Counsel,* 17 Colo. Law. 2163

(1988)("[I]t is the insurer standing in the position of the fiduciary and attempting to take advantage of the injured insured that forms the basis for the tort of bad faith breach of contract.").

Once the arbitration proceeding was resolved, State Farm was back in its quasi-fiduciary role. Further, this situation should be distinguished from one in which a third party learns of an embarrassing disclosure by the insured during the course of an arbitration and later uses it adversely to the insured. Such an action would be outside the insurer's control.

Here, however, State Farm only learned of the information during the PIP proceedings because it was plaintiff's insurer. Then, after those proceedings had been completed, State Farm apparently turned over the information to its own attorney for use against plaintiff during her cross-examination as an expert witness in a totally unrelated court proceeding, a car accident involving one of plaintiff's chiropractic patients.

Plaintiff has alleged that, in doing so, State Farm humiliated her, harmed her economically by preventing her from testifying in future cases, and harmed her patient. According to the amended complaint, State Farm did this to achieve an economic advantage, and without advance notice to plaintiff that her disclosures during the PIP proceedings and arbitration could be used by State Farm in such a broad manner. If plaintiff had been so informed, she may well have chosen to protect her own privacy by limiting her PIP claim to compensation for physical injuries and by foregoing compensation for psychological injuries.

This case thus presents significant public policy issues about the extent of an insurer's duty to protect the privacy of its insured with regard to sensitive information such as the insured's medical and psychological condition, an issue made complex by recent developments of technology that make information about insureds readily accessible and subject to abuse.

For example, suppose an insured is injured in an automobile accident under circumstances that would tend to show the insured's involvement in an adulterous relationship, and as is required to secure PIP benefits, the insured reports the accident and supplies State Farm with reasonable details about it. Is the insurer then free to use or disclose this information in any manner that would be financially beneficial to it, unless the insured first obtains a confidentiality agreement or court order? Or does the insured have the right to believe that the disclosure to his or her insurer, and any related arbitration proceedings, are for the limited purpose of resolving the PIP claim? Is the insured's disclosure of that information during an arbitration proceeding no longer private as a matter of law?

By analogy, here, once plaintiff's arbitration with State Farm was complete, did State Farm have the right to turn over her private and highly embarrassing medical information to a lawyer for use in another of State Farm's cases for State Farm's financial gain? State Farm contends that it did, but I am not aware of definitive authority so holding.

There is little law on this subject and State Farm's reliance on *Industrotech Constructors, Inc. v. Duke University,* 67 N.C.App. 741, 314 S.E.2d 272 (1984) is misplaced. There, one of several prime contractors brought an action against the university for damages arising from the breach of a construction contract. The issue involved the propriety of the trial court's order directing production of transcripts of an arbitration proceeding involving the university and another contractor.

The North Carolina Court of Appeals upheld the trial court's discovery order and rejected the university's claim that the arbitration required confidentiality. There was no claim for invasion of privacy and no special relationship between the parties. Thus, the case is of no assistance in resolving the issue before us.

I express no opinion as to how the plaintiff's allegations against State Farm ultimately should be resolved. I conclude only that her complaint stated a cause of action that did not require a breach of confidentiality by State Farm, and I perceive important issues that remain regarding the extent of her pri-

vacy rights as an insured vis a vis her insurer.

Accordingly, I would affirm the judgment of dismissal, but I would reverse the order denying the motion to amend and allow plaintiff to proceed by filing her amended complaint.