Taylor, Chief-Justice
 

 I am of opinion that the: charge of the Court was correct in this case, and that the Defendant was properly convicted. The law is dearly settled, that an officer cannot jad,ify the breaking open an outward door or window, in order to execute process in a civil suit j if he doth, he is a trespasser. A man's house is deemed his castle, for safety and repose to himself and family j but the prelection thus afforded would he imperfect and illusive, if a man were deprived, of the right of shutting his own door when he sees an. officer approaching to execute civil process. If the officer cannot enter peaceably before the door is shut, he ought not to attempt it, for this unavoidably endangers a breach of the peace, and is as much a violation of the owner's right, as if he had broken the door at first.
 

 The case cited for the Defendant from
 
 Glh DoWs Me-ports,
 
 only shews that the privilege of a man’s house is confined to the occupier, or any of his family who have •heir domicile there, and shall not protect any person
 
 *248
 
 who flies thither, nor the goods of any person conveyed ^iere to prevent any lawful execution, or to escape the ordinary process of the law. There the owner shut the door to protect the goods of a stranger, after the officer had shewn his process and offered to execute the same, and after he had given notice of the cause of his coming, and requested to have the doors open. And certainly shutting the door could not lessen the right which the officer had if he had found it shut on his arrival. The judgment must be affirmed.
 

 By the Court. — Judgment affirmed.