PbaesoN, J.
 

 We concur with his Honor, for the reasons given by him, upon both the questions presented in the case. The legal effect of a return, made by the sheriff “ levied upon property of the defendant,” is to preclude the plaintiff from taking any further action, because the judgment is satisfied by the levy, unless the debtor afterwards has the use and benefit of the property: such being its legal effect, and being a solemn official act made on oath, it amounts to an
 
 estoppel
 
 which, as Lord Corns expresses it,
 
 “
 
 shutteth a man’s mouth from speaking the truth.” An officer may sometimes obtain leave to amend, or to strike out the return, and make another, as when the property levied on turns out not to belong to the debtor, and is judicially ascertained to be the property of a third person. But while the return stands, and affects the plaintiff as stated above, it is proper that the sheriff shall not be heard to say, or to prove, that, in fact, he did not do what by his return he said he had'done. In this point of view, the fact that the sheriff holds a forthcoming bond, to which ho may resort for an indemnity, has some force : should he sue
 
 *341
 
 on the bond, he, in his turn, will have the benefit of the doctrine of estoppel, and may “ shut the month” of the obligors by their own deed, and prevent them from saying, “ there was no levy, inasmuch as the property was not in the sheriff’s county, and could not be levied on.” They are concluded as to this matter by their deed.
 

 The authorities cited upon the second point establish, that' a sheriff is not required on mesne process, in a civil suit,
 
 i. e.,
 
 a
 
 capias ad respondendtim,
 
 to summon the
 
 posse comitatus,
 
 or call out the power of the county. The reason is, that as the party is allowed to give bail, it is presumed the officer will have no occasion for the aid of the power of the county: for this reason “rescue” is a sufficient return to mesne process. Upon mesne process in criminal proceedings, and upon final process in civil suits, the law is otherwise ; for the same reasons do not apply.
 
 State v.
 
 Armfield, 2 Hawks 246, decides that' upon a
 
 fi. fa.
 
 the officer has no right to force open an outside door of the defendant’s dwelling house : this is put on the ground that it is his castle; and the decision in no wise tends to prove, that upon a
 
 fi. fa.
 
 the sheriff is not required, if it becomes necessary, to call out the power of his county, as in other cases of
 
 “
 
 final process.” Upon a
 
 ca. sa.
 
 a sheriff has no right to force open an outside door of the defendant’s dwelling house, but he is required, if the defendant resists, to call out force enough to arrest him.
 

 Pee OueiaM. Judgment affirmed.