After evidence offered by the State, showing the facts relied upon to sustain the charge, the defendant introduced himself and one Simmons, a constable, each of whom testified that a warrant of attachment had been issued by a justice of the peace at the instance of the defendant as agent for Royster Strudwick. The warrant was produced and appeared regular on its face, commanding the constable to levy upon the property of defendant, who is the husband of the prosecutrix. They further testified that when the warrant was delivered to the constable, he, not knowing where the parties lived, summoned the defendant to go with him; that they went together to the house of the prosecutrix, about an hour by sun in the evening; that she met them at the door and stood upon the steps, drawing the door to behind her, and forbade their entrance into the house; that the constable read the warrant to her and demanded entrance; that she refused entrance, and that Simmons, the constable, asked her if the corn was in the house; she said it was, but that she and her children made it; that her husband, before leaving the State, had sold the tobacco covered by royster Strudwick's mortgage, and had carried off the money with him. She said that she could prove by one Wall, living by, that she and her children had made the corn. The officer then went after Wall and brought him up, when he told the officer that the husband had made the corn. The officer again attempted *Page 549 
to enter the door, when the prosecutrix cut at him with a knife. The officer then directed the defendant and another person who was standing by to take the prosecutrix off the steps, which they did, with no unnecessary force. The officer then opened the door, partially, when it was violently shut against his hand by two other women standing behind it. The officer pushed it open and went in and found 15 bushels of corn, which he levied on. The defendant introduced a mortgage to Royster Strudwick, covering the crop of corn, of which the 15 (804) bushels was a part.
The solicitor for the State asked his Honor to direct the jury that, upon the evidence, they should find the defendant guilty, as a warrant of attachment did not justify the officer and his posse (the defendant) in forcibly entering a dwelling-house. The court reserved its opinion, directing the jury to return a verdict of guilty, subject to the opinion reserved. Afterwards, the court, being of opinion that, under the above facts, the defendant was guilty, pronounced judgment upon the verdict, and the defendant appealed.
In the absence of some statutory provision to the contrary, this case is governed by S. v. Armfield, 9 N.C. 246. It was there decided that an officer cannot break open an outer door or window of a dwelling against the consent of the owner for the purpose of making a levy on the goods of the owner. This decision is referred to with approval in Sutton v. Allison,47 N.C. 339.
While such authority is given an officer in case of "claim and delivery' where property is concealed, we can find nothing in The Code which warrants such conduct in cases of attachment and execution.
No error.
(805)