RED HOUSE FURNITURE COMPANY v. ANNIE SMITH (APPEALED BY PAUL H. GIBSON)

No. 479PA83

(Filed 3 April 1984)

**Sheriffs and Constables § 4.1— penalty for failure to execute writ of possession— improperly entered**

In an action in which the clerk of superior court of Guilford County issued a writ of possession commanding the Sheriff of Guilford County to take possession of furniture from defendant and deliver it to plaintiff, where a deputy sheriff attempted to execute the writ by going to the residence of defendant, and in return of the writ the deputy noted that defendant "stated she did not owe much and would work it out with plaintiff rather than let me pick it up and was not going to let know [sic] one have it," the trial court improperly entered judgment *nisi* in the sum of $100.00 against the Sheriff of Guilford County for failure to execute or make return upon the writ of possession since through his reliance on the law in this state prohibiting forcible entry to execute a writ of possession for personal property, the sheriff showed a valid and complete defense as to why the judgment of amercement should not have been made absolute. G.S. 1-313(4) and G.S. 1-480.

ON discretionary review, pursuant to G.S. 7A-31, of a decision of the Court of Appeals, 63 N.C. App. 769, 306 S.E. 2d 130 (1983), affirming judgment entered by *Cecil, Judge,* at the 2 August 1982

Civil Session of GUILFORD County District Court, High Point Division.

Plaintiff Red House Furniture Company obtained a judgment against defendant Annie Smith declaring Red House to be entitled to possession of certain furniture. Upon request of plaintiff and pursuant to G.S. 1-313(4), the Clerk of Superior Court of Guilford County on 12 January 1982 issued a writ of possession commanding the Sheriff of Guilford County to take possession of the furniture from defendant and to deliver it to plaintiff.

The return of the writ indicated that the writ was received by the Sheriff on 25 March 1982. Deputy Sheriff Coffer attempted to execute the writ by going to the residence of Ms. Smith on 1 April 1982. In his return of the writ, Deputy Coffer noted that defendant "stated she did not owe much and would work it out with plaintiff rather than let me pick it up and was not going to let know [sic] one have it." The Deputy declined to forcibly enter defendant's home to recover the furniture.

Upon verified motion of plaintiff, the trial court on 29 June 1982 entered judgment *nisi* in the sum of $100.00 against Paul H. Gibson, Sheriff of Guilford County, for failure to execute and make due return upon the writ of possession. Gibson was ordered to appear before the court and show cause why the judgment *nisi* should not become absolute.

On 3 August 1982, Gibson appeared and offered the defense that by law he had done all that was required of him in executing and returning the writ of possession for personal property. The trial court ruled that the actions of Deputy Coffer were imputable to Sheriff Gibson and that Gibson failed to take reasonable steps to execute the writ. The trial judge also found that the Sheriff had failed to show any defense as to why the judgment *nisi* entered on 29 June 1982 should not be made absolute. He therefore entered judgment for plaintiff in the sum of $100.00, together with costs of the amercement proceeding. Sheriff Gibson appealed.

The Court of Appeals affirmed the judgment of the district court in all respects and we granted Sheriff Gibson's petition for discretionary review on 6 December 1983.

*Rossie G. Gardner for plaintiff-appellee.*

*Guilford County Attorney's Office, by J. Edwin Pons, for appellant, Sheriff Paul H. Gibson.*

BRANCH, Chief Justice.

The issue presented by this appeal is whether the trial court correctly ruled that Sheriff Gibson failed to make a diligent attempt to execute the writ of possession and that he failed to show any defense as to why the judgment of amercement should not be made absolute.

At the time of this action, G.S. 162-14 provided,[1] in pertinent part, that a sheriff was subject to a penalty of forfeiting one hundred dollars ($100.00) for his failure to execute and make due return of all writs and other process to him legally issued and directed, unless he could show sufficient cause to the court at the next succeeding session after judgment *nisi* had been entered against him.

In the hearing before Judge Cecil on 3 August 1982, Sheriff Gibson offered the defense that the law in this State prohibits the use of force to execute writs of possession for personal property. He argued that when defendant denied him entrance to her home to recover the furniture, his only alternative was to return the writ without having recovered the property.

Relying upon a decision by the Superior Court of New Jersey, in *Vitale v. Hotel California, Inc.,* 184 N.J. Super. 512, 446 A. 2d 880, *aff'd,* 187 N.J. Super. 464, 455 A. 2d 508 (1982), the Court of Appeals rejected Gibson's argument and held that since the Sheriff had no reason to fear that he was in danger of imminent harm if he attempted forcible entry, his actions did not constitute a diligent attempt to execute the writ. The court further noted that G.S. 1-480 specifically allows a sheriff to break or enter a building where property subject to *claim and delivery* is concealed. Judge Johnson opined that "[i]f a sheriff can forcibly enter a building to recover concealed property before a responsive pleading can be filed, we see no reason why he should not be able to do so after judgment has been finally entered establishing the

---

1. This section was amended by the General Assembly, effective 1 July 1983. 1983 N.C. Sess. Laws, c. 670, § 8.

party's entitlement to the property." 63 N.C. App. at 771-72, 306 S.E. 2d at 131.

We reject this reasoning for it is in direct conflict with case law long established in this jurisdiction.

This Court's opinion in *State v. Whitaker*, 107 N.C. 802, 12 S.E. 456 (1890), is the most recent North Carolina decision relating to an officer's authority to make a forcible entry in an effort to execute civil process on personalty. We there held that:

> [i]n the absence of some statutory provision to the contrary, this case is governed by *S. v. Armfield*, 9 N.C. 246. It was there decided that an officer cannot break open an outer door or window of a dwelling against the consent of the owner for the purpose of making a levy on the goods of the owner. This decision is referred to with approval in *Sutton v. Allison*, 47 N.C. 339.
>
> While such authority is given an officer in case of "claim and delivery" where property is concealed, we can find nothing in The Code which warrants such conduct in cases of attachment and execution.

*Id.* at 804, 12 S.E. at 456. The rule of law enunciated in *Whitaker* and *Armfield* prohibiting forcible entry for the purpose of executing civil process on personal property is a restatement of the common law rule established in Semayne's Case, 77 Eng. Rep. 194 (K.B. 1604).

While it is true that by the enactment of G.S. 1-480 our legislature has provided an exception to this rule and permits forcible entry where property subject to claim and delivery is concealed, no similar exception has been promulgated with respect to the execution of writs of possession pursuant to G.S. 1-313(4).

We here reaffirm our decision in *Whitaker* that *"in the absence of some statutory provision to the contrary,"* the common law prohibition against the use of force to execute civil process on personal property applies. *See* G.S. 4-1 (common law is in force within this State except where it has been abrogated, repealed or has become obsolete).

We therefore hold that through his reliance on the law in this State prohibiting forcible entry to execute a writ of possession for personal property, Sheriff Gibson showed a valid and complete defense as to why the judgment of amercement should not have been made absolute.

The decision of the Court of Appeals is reversed, and this cause is remanded to the Court of Appeals for its further remand to the District Court of Guilford County, with direction to vacate the judgment absolute entered against appellant Sheriff Paul H. Gibson.

Reversed and remanded.